FERDINAND HEINE, Respondent, *v.* HENRY J. MEYER, Appellant.

Where the further prosecution of work in the alteration of a building, in the city of New York, is forbidden by the superintendent of buildings, under and as authorized by the act of 1866, relating to buildings in that city (chap. 873, Laws of 1866), for a defect not occasioned by the contractor, and he is thus prevented from performing that which, by the terms of the contract, is made a condition precedent to payment, he is thereby discharged from performance, and is entitled to recover at the contract price for the work done.

In an action for work thus done, it appeared that the defect was in an old wall; the controversy was as to whether the defect existed before plaintiff commenced work, or was occasioned by want of skill and care on the part of plaintiff. Plaintiff offered in evidence a certificate of the superintendent of buildings, in substance that it was not the work of plaintiff, but the old wall which was complained of. This was admitted under a general objection. *Held*, no error; that the matter contained therein was proper as showing where the defect complained of was, and in the absence of a specific objection it could not be urged that the statute did not make such a certificate evidence.

Defendant set up as a counter-claim the expense incurred in taking down and rebuilding the wall, alleging that the defect was caused by the negligent acts or omissions of plaintiff. The court excluded evidence of the expense so incurred, and charged the jury that if the defect was so caused by plaintiff he could not recover. *Held*, that the exclusion of the offered evidence was no error; at least that it was harmless, as the finding of the jury for plaintiff showed there was no ground for the counter-claim.

(Argued May 23, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict.

This action was brought to recover the value of work done and materials furnished by the plaintiff for the defendant, in the alteration of an old building in the city of New York, and converting it into a warehouse.

The work was commenced under a contract, in writing, between the parties, by which the plaintiff agreed to do the mason work and furnish the necessary materials for the alteration, in accordance with certain specifications, for the sum of $13,000, payable in four different installments; three of them to be paid as the work progressed, and the last when the work was finished and left complete. The plaintiff commenced his operations soon after the contract was entered into, and had made considerable progress therein, when it was discovered that the portion of the old side walls, on the top of which new walls were to be built by the plaintiff, was curved and out of plumb, and the superintendent of buildings, in consequence, ordered a discontinuance of the work. Negotiations then took place between the parties in reference to taking down the old walls, and the cost thereof. The defendant insisted that the defect had been caused by the imperfect execution by the plaintiff of what he had done, and claimed that the plaintiff should take down the old walls and rebuild without extra compensation. This the plaintiff refused to do; he abandoned the job, and demanded compensation for the work done and materials furnished by him, which the defendant refused to pay. Defendant set up, as a counterclaim, the expenses incurred by him in taking down and rebuilding the wall, alleging that the defect was occasioned by the unskillful and improper manner in which plaintiff did his work.

The value of the work and materials done and furnished was not controverted. The only question litigated on the trial and submitted to the jury for their decision was, whether the defect in the old side walls existed before the execution of the contract referred to, or whether it was caused by the improper performance by the plaintiff of the work done by him. Evidence was offered by the defendant to prove the

amount of his counter-claim, which was rejected, and defendant's counsel excepted.   Further facts appear in the opinion.

The court charged, in substance, that the superintendent's order was an excuse for plaintiff's non-performance, provided it was based on an original defect in the old wall, and not on plaintiff's work; but that if the defect was caused by an omission to do what he ought to have done, or by his doing the work in an improper and unskillful manner, he could not recover.   To the first proposition the defendant's counsel excepted.

*Thomas J. McKee* for the appellant.   Performance of the work provided for by the contract was a condition precedent to plaintiff's right to recover.   (*Tipton* v. *Feitner*, 20 N. Y., 423; *Brown* v. *Weber*, 38 id., 187; *Smith* v. *Brady*, 17 id., 189; *Pullman* v. *Corning*, 9 id., 96, 97; *Sharpe* v. *Johnson*, 40 How. Pr., 403; *Ladue* v. *Seymour*, 24 Wend., 60.)   The burden of proof was on plaintiff to show the facts on which rested his right to recover without such performance. (*Moakley* v. *Riggs*, 19 J. R., 71; *Smith* v. *Brady*, 17 N. Y., 189; *Oakley* v. *Morton*, 11 id., 30; *Harmony* v. *Bingham*, 12 id., 115; *Ladue* v. *Seymour*, 24 Wend., 64; *Jenkins* v. *Wheeler*, 37 How. Pr., 469, 472.)   Performance as a condition precedent could only be dispensed with by defendant. (*Oakley* v. *Morton*, 11 N. Y., 30; *Brown* v. *Weber*, 38 id., 189; *Moakley* v. *Riggs*, 19 J. R., 72; *Taylor* v. *Butler*, 6 Cow., 627; *Carpenter* v. *Stevens*, 12 Wend., 590; *Wolfe* v. *Howes*, 20 N. Y., 203, 204.)   When performance of a duty or charge is assumed by express contract, the only excuses for non-performance are that performance was impossible or unlawful when the contract was made.   (*Dexter* v. *Norton*, 47 N. Y., 60; *Harmony* v. *Bingham*, 12 id., 115; *Beebe* v. *Johnson*, 19 Wend., 500; *Firman* v. *West. Ins. Co.*, 12 id., 460; *Warfield* v. *Watkins*, 30 Barb., 402, 403; *Williams* v. *Vanderbilt*, 29 id., 498; *Graves* v. *Berdan*, id., 101; *Van Dorn* v. *Young*, 13 id., 294, 295; *Hitchins* v. *Warner*, 5 id., 677; 2 Pars. on Con. [5th ed.], 672, 673; Story on Con.

[3d ed.], 465, § 463.) The fact that full performance is unlawful when the promise is made cannot give a right of action for part performance. (*Decker* v. *Morton*, 7 Redf., 485; *Rose* v. *Truax*, 21 Barb., 361, 379; *Brown* v. *Brown*, 34 id., 533; *Mills* v. *Mills*, 36 id., 474.) The superintendent's order was not effectual as a means to prevent plaintiff from doing the work he had agreed to do. (*Smith* v. *Brady*, 17 N. Y., 176, 177; *Prest., etc., D. and H. Canal Co.* v. *Pa. Coal Co.*, 50 id., 250.) Plaintiff was bound to do every thing necessary to complete the work specified in the contract before he could claim pay. (*Savage* v. *Whittaker*, 15 Wend., 24; *School Trustees of T.* v. *Bennett*, 3 Dutch. [N. J.], 514; *Dermott* v. *Jones*, 2 Wall., 1; *Tompkins* v. *Dudley*, 25 N. Y., 277; *Jenkins* v. *Wheeler*, 3 Keyes, 657; *Beebe* v. *Johnson*, 19 Wend., 509; *Harmony* v. *Bingham*, 2 Kern., 99; *Sherman* v. *Mayor, etc.*, 1 Comst., 316; *Pullman* v. *Corning*, 9 N. Y., 93; *Pike* v. *Butler*, 4 id., 360; *Jones* v. *Judd*, id., 414.) The court erred in refusing to allow plaintiff to prove his counter-claim. (*Tompkins* v. *Dudley*, 25 N. Y., 277; *Inter. Bk.* v. *Monteath*, 39 id., 300, 301; *Hammon* v. *Terry*, 3 Lans., 186; *Ayers* v. *Farrell*, 10 Bosw., 143; *Wolfe* v. *Howes*, 20 N. Y., 203, 204.)

*M. L. Townsend* for the respondent. The act of the department of buildings justified plaintiff in stopping his work, and rendered defendant liable for the work done and materials furnished. (*Jones* v. *Judd*, 4 N. Y., 411.) The evidence offered as to counter-claim was immaterial. (*Starbird* v. *Barrows*, 43 N. Y., 200.) Plaintiff having been prevented from full performance defendant cannot recoup or set off damages for non-performance. (*Jones* v. *Judd*, 4 N. Y., 411.)

LOTT, Ch. C. The principal question presented for our decision on the present appeal, arises on the instruction given by the court in his charge to the jury, that if the defect in the walls existed when the plaintiff commenced his work, then

the plaintiff had a right to recover. It appears to have been assumed on the trial, and so the court charged without objection, that the department of public buildings was authorized by law to stop the further prosecution of the work when the defect was discovered, and that the plaintiff was bound to obey its order, and on receiving it to discontinue his work. There was a conflict of evidence on the trial, whether that defect existed when the plaintiff entered on the performance of his contract, or whether it was caused by the improper and unworkmanlike execution of his work, or as the court expressed it, in his "omitting to do what he ought to have done or in doing his work in a manner he ought not to have done;" and he instructed the jury generally, that if the plaintiff omitted to do what he ought to have done, or if he did the work that was done in an improper and careless manner, and so as to cause this defect, and consequently a stoppage of the work, he could not recover, but if on the contrary they found that it was not his fault, and that the defect was there when he commenced his work, then he was entitled to recover. Under this instruction the verdict of the jury in favor of the plaintiff established the fact that he was not chargeable with any fault or omission of duty, and that the defect existed at the commencement of the work, and caused its discontinuance. Assuming, as we must, that the jury properly so decided, the inquiry arises, what is the effect of their decision, and of the action of the department of public works based on the fact of such defect? There was no question made on the trial as to the legality of that action, or that any preliminary proceedings required to give the department the power to make the order directing the work to be stopped had not been taken, and it is too late now to claim that such proceedings had not been proven. The law under which that power was exercised (chap. 873, of the Laws of 1866), entitled "An act to amend and reduce to one act the several acts relating to buildings and the keeping and storage of combustible materials in the city of New York," rendered the further prosecution of the work by the plaintiff, after the service on him of the order to stop

it illegal, and a misdemeanor punishable by fine or imprison-
ment. He was therefore not only justified in stopping, but
prevented by the act of the law from fulfilling his contract,
and thereby discharged from the performance of the con-
ditions precedent to his right to the payments therein agreed to
be made. That, however, did not deprive him of compensation
for what he had done in part performance of those conditions.
That principle was established by the unanimous decision of the
Court of Appeals in the case of *Jones* v. *Judd* (4 Comst.,
412), in which the effect of the law stopping work contracted
to be done toward the completion of the Genesee valley canal,
upon the rights of contractors, was considered and deter-
mined. Judge GARDINER, giving the opinion of the court,
after stating that the plaintiffs were prevented, by the author-
ity of the State, from completing their contract, said they
were entitled to recover for the work performed by them
at the contract-price; that the performance of the required
condition, entitling them to payment under the contract,
" became impossible by the act of the law, and of course the
plaintiffs were entitled to recover without showing a compli-
ance with the agreement in this particular." That decision
was in accordance with a well recognized exception to the
general rule or principle of law that a contracting party who
absolutely engages to do an act must perform it notwith-
standing any accident or other contingency not foreseen by
him or within his control, yet if the performance is rendered
impossible by the act of the law, then he is excused. (See
*Paradise* v. *Jones,* Aleyn, 26; *Mounsey* v. *Drake,* 10 J. R.,
27; *The People* v. *Bartlett,* 3 Hill, 570, and the cases cited
therein.)

The views above expressed show that the plaintiff, by
reason of the order of the superintendent of buildings, was
excused from the further prosecution of the work, and a
performance of what was required by the contract to entitle
him to payment for what was done, and that he was entitled
to recover therefor. On the assumption that these views
are correct there was no error in refusing to grant a nonsuit,

or to charge on· certain matters, which, on such assumption, were immaterial.

It is, however, proper to refer to certain exceptions taken to the admission and rejection of evidence. A certificate of the superintendent of buildings, in the following terms, was offered in evidence on behalf of the plaintiff, viz.: " This is to certify that the work done by the contractor, Mr. Heine, is not complained of by this department, but it is the old wall that the inspector finds fault with." This was objected to, but no ground of objection is stated·; and it was admitted against the defendant's exception. There was no error in this. It showed that the defect which had caused the service of the order above referred to was in the old wall, but it did not allege or profess that the defect existed before the plaintiff commenced his work, or express an opinion whether it had been caused by the act of the plaintiff, or an omission of duty on his part, but it informed the owner of the building that no complaint was made in relation to the work done by the plaintiff, and where the defect complained of was.

It is now urged that there is no statute or law authorizing or requiring the superintendent of buildings to certify the opinions upon which he acts, and also that there is no law making such certificate evidence for or against any one. That objection comes too late. As I before stated, no specific ground against admitting the certificate to be read in evidence, was mentioned, and the matter contained therein was proper for the information and guidance of the defendant in his action. Some other exceptions were taken to evidence, which were based on the ground or assumption that the order of the defendant did not excuse the performance, by the plaintiff, of the contract as a condition precedent to a right of a recovery, and that therefore the proof offered was immaterial. What has already been said disposes of these exceptions, and shows that they were not well taken.

It is also claimed that the court erred in refusing to allow the defendant to prove his counter-claim. This refusal is no ground for the reversal of the judgment: 1st, because the

plaintiff's claim was confined to the value of the work and materials; 2d, because the counter-claim was based on the allegation that the work done by the plaintiff was performed in such an unskillful and unworkmanlike manner as to cause the defect which was the basis or foundation of the order of the superintendent of buildings to stop the further prosecution of it, and that in consequence thereof the defendant sustained damage. The judge held, and so instructed the jury, that if such was the fact then the plaintiff was not entitled to any recovery whatever. As the finding or verdict of the jury was against the defendant on that question, there was, in fact, no ground for the counter-claim, and the error, if any, in not permitting proof to be given to support it, was harmless, and the defendant was not prejudiced thereby. It, consequently, is no reason for reversing the judgment.

My conclusion, therefore, on the whole case is, that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.