## THEOBALD *v.* BURLEIGH.

Where the plaintiff's failure completely to perform his contract is due to the fault of the defendant, or to the act of the law without fault of either party, he can recover what his services were reasonably worth, and the defendant is not entitled to damages for the plaintiff's non-performance.

ASSUMPSIT, for moving a building. Trial by the court. In June, 1890, the plaintiff contracted with the defendant to move a building

owned by her to her lot on Spring street in Concord. After the plaintiff had performed the greater part of the work, an injunction was issued, on petition of the city, restraining the defendant from locating the building on the lot until permission was granted by the mayor and aldermen as required by a city ordinance relating to the moving of buildings. Permission was applied for and refused. In consequence of the injunction the plaintiff did not complete his contract. For the part of it performed by him the court ordered judgment in his favor, and the defendant excepted.

*Defendant, pro se.*

*Albin & Martin,* for the plaintiff.

CARPENTER, J.   Had the plaintiff without cause abandoned the work and refused to complete the contract, he could recover what the services performed were reasonably worth, less the damages occasioned by his breach of the contract. *Britton* v. *Turner,* 6 N. H. 481. The question intended to be raised is, whether the defendant is entitled to damages for the plaintiff's failure to complete the contract. It was not the plaintiff's business to obtain permission for the defendant to place the building on her Spring street lot. He was not employed for that purpose. His performance of the contract was interrupted and made impossible either by the defendant's fault in neglecting to procure the consent of the mayor and aldermen, or by the act of the law without the fault of either party. In neither case is the defendant entitled to damages for the plaintiff's non-performance of the contract. *Blake* v. *Niles,* 13 N. H. 459, 460; *Kimball* v. *Railroad,* 23 N. H. 579, 582; *Harvey* v. *Coffin,* 44 N. H. 563, 567; *Melville* v. *De Wolf,* 4 E. & B. 844; *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, 441; *Walker* v. *Fitts,* 24 Pick. 191, 195; *Jones* v. *Judd,* 4 N. Y. 411, 413, 414; *Heine* v. *Meyer,* 61 N. Y. 171.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.