Donahue, J.
It is clear that the answer of the defendant to the petition of the relator states no defense. The averments in the answer that other officers of the county had reached a different conclusion as to the existence or nonexistence of the material specified in the contract is certainly of no importance, as these officers are not charged with any discretion in relation to this contract, and their opinion, one way or the other, cannot affect it. It is also equally clear that the second resolution, adopted ex parte by the board of county commissioners almost a month later than the resolution to pay the contractor a sum certain in consideration of the material furnished and work already performed, and in further consideration of the release by the contractor of all further claim against the county arising under this contract, can not avoid the original contract of settlement nor prejudice the right of the contractor to receive the amount agreed to be paid him in settlement of all his claims against the county. Nor is the averment in this answer that material existed in Franklin county sufficient for the purpose of the contract of any importance at this time. That was a matter to be determined before or at the time the agreement to settle the controversy between the contractor and the commissioners was made and entered *92 into by the parties to that contract; and, in the absence of an averment that the commissioners acted fraudulently or in collusion with the contractor, or that the contractor made false and fraudulent representations to the commissioners, knowing them to be false and fraudulent, and that the commissioners relied, and had a right to rely, upon such representations, the judgment of the commissioners upon that question is final and the contract of settlement then entered into binding Upon all parties thereto.
This demurrer, however, searches the record, and presents for our consideration the sufficiency of relator’s petition. The question of the sufficiency of the petition depends upon the question of the authority of the commissioners to settle and adjust the conflicting claims of the county and the contractor and to order payment to the contractor ■ of a sum of money and release him from all claim for damages for breach of contract in consideration of the release by him of all other and further claims against the county for material furnished and labor performed.
At the time this first resolution was adopted by the commissioners the contractor had completed about two miles of the improvement. The value of the material furnished or labor performed in making this improvement is not averred either in the petition or answer, nor does it appear whether any payments had been made to him on account of this material and labor, although the contract provides that the commissioners should pay him from time to time upon estimates, reserving 10 per cent, of the *93 original contract price. The pleadings do show, however, that about two miles of the improvement had been completed and that the contractor was making claim for payment for .that work pro tanto, and insisting that substantial performance of the entire contract was impossible by reason of the nonexistence in Franklin county of the material specified in the contract. In other words, he was asserting a claim against the county and contending that by reason of the impossibility of performance he was not only released from fully performing and therefore not liable in damages to the county for failure to perform, but that he was entitled to receive the full contract price pro tanto for the material furnished and labor performed prior 'to the discovery that complete performance of the contract was impossible. There had also arisen in favor of the county a claim for damages for breach of the contract, for it appears from these pleadings that the contractor had wholly abandoned his contract and refused and was still refusing to make any further attempt to perform, basing his refusal upon the claim that it was impossible of performance.
It can hardly be doubted that the board of county commissioners had the authority to determine the amount due the contractor for material furnished and labor performed, and to order payment to him of that amount or any less sum that the board might order paid in settlement of the claim. The board of county commissioners also had authority, under the provisions of Section 2416, General Code, to compound or to release in whole or in part the *94 claim of the county against the contractor for damages for breach of the contract. Undoubtedly this claim was a debt within the meaning of that section. Ill the case of Peter v. Parkinson, Treas., 83 Ohio St., 36, this court held that a personal tax which stands charged upon the duplicate is not a debt within the meaning of this section, for the reason that “a tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state. It is not founded on. contract or agreement.” The reason given by this court in that case why a tax is not a debt within the contemplation of this statute clearly shows that this claim for damages for breach of contract is a debt due the county which the commissioners may compound or release in whole or in part. In the case of Jones, Auditor, v. Commissioners, 57 Ohio St., 189, it was held by this court that the board of county commissionérs “may pass upon and adjudicate claims against the county for services in a matter, which, under the statutes, may be the subject of a legal claim against the county. But it is without jurisdiction to entertain or adjudicate claims which in themselves are wholly illegal and of such a nature as not to form the subject of a valid claim for any amount.” To the same effect is the case of Shepard v. Commissioners, 8 Ohio St., 354; Carder v. Commissioners, 16 Ohio St., 353. This claim of the contractor for compensation for material and labor in part performance of this contract was the subject of a legal claim against the county, and that being true the commissioners were acting within the scope of their *95 authority when they allowed and ordered paid to him all or part of the amount claimed; and, in the absence of fraud or collusion, courts have no authority to substitute their opinion and discretion for the opinion and discretion of a board clothed with authority by law to determine the question in controversy.
It is true that the contractor is not excused from substantial performance of his contract merely because performance may be difficult, dangerous or burdensome. Nor does the mere impossibility of performance necessarily relieve the promisor from the payment of damages for failure to perform, unless the contract itself contains a provision, express or implied, releasing him from damages in case the contract becomes impossible of performance. There is, however, a conflict of authority upon this subject, but the great weight of authority seems to support the rule stated in 3 Elliott on Contracts, Section 1891: “Where no express or implied provision as to the event of impossibility can be found -in the terms or circumstances of the agreement, it is a general rule of construction * * * that the promisor remains responsible for damages, notwithstanding the supervening impossibility or hardship. It must be borne in mind, however, that it is equally well settled that when performance depends upon the existence of a given person, purpose or thing and such existence or continued existence was the assumed basis of the agreement, the death of the person or the destruction or non-existence of the thing without fault puts an end to the obligation,”
*96 In this particular case the contractor claimed that the material specified in the contract for this road improvement did not exist in sufficient quantities to complete the improvement. The specifications attached to and made a part of the contract provided for the use of crushed local sandstone of quality to be approved by the engineer before being placed on the road. The commissioners, upon investigation of the claim made by the contractor, that this stone did not exist in sufficient quantities of a quality that would meet the approval of the engineer, found and declared by resolution that the claim of the contractor in that behalf was true, and, so far as these pleadings are concerned, this finding is not attacked for any reason, except for error of judgment on the part of the commissioners in arriving at this conclusion. We are not now concerned with this question of fact. The commissioners, in the honest belief that this resolution stated the truth, undertook to adjust the respective rights of county and contractor. They could have refused payment for any part of the work performed and brought an action for damages. On the other hand, if this claim of the contractor was true, as they then believed and declared in this resolution, they might not only fail to recover any damages whatever but might also be compelled to pay the full contract value pro tanto of the work completed. Heine v. Meyer, 61 N. Y., 171; Jones v. Judd, 4 N. Y., 411; 3 Elliott on Contracts, Section 1902.
Acting upon the facts as they then appeared to them, the board of county commissioners proceeded *97 to and did allow to the contractor an amount in money which was evidently only part of the contractor’s claim, and required him to release all other and further claims against the county under and by virtue of this contract. It is also fair to presume, from the facts pleaded, that the claim of the county for damages was taken into consideration and that the amount that would otherwise have been allowed to the contractor was materially reduced by this consideration. The contractor thereupon accepted in writing the offer of compromise tendered him by this resolution of the commissioners and the commissioners ordered paid to him the sum of $1,516.96. This was a contract of settlement of the conflicting claims of the contractor against the county and of the county against the contractor, the adjudication of which claims clearly comes within the scope of the statutory authority of the commissioners, and, having exercised that authority and entered into this contract of settlement, it is just as binding upon the county as any other lawful contract the board of county commissioners could make, and that board, without the consent of the other contracting party, could not rescind its action and annul this contract of settlement. It is said, however, that the county commissioners have no statutory authority to rescind the original contract, made and entered into with this contractor on behalf of the county for this improvement. The discussion of that question here would be idle, for the reason that the contractor had then abandoned his contract and notified the *98 commissioners that he would make no further efforts to complete the same. Right or wrong, the contractor refused to comply further with the terms of this contract. It was not then a question of rescinding the contract, although in fact the resolution did purport to rescind it. The only thing for the commissioners to do was to proceed as in all other cases of breach of contract, readvertise and let the contract for the completion of this work to the lowest bidder, and then bring an action • against the contractor and his bondsmen for damages for breach of contract, or if, in the opinion of the commissioners, as expressed in this resolution, they would probably fail in a suit to recover damages for breach of contract and possibly be . compelled to pay the value pro tanto for material and labor furnished and performed, they have the right and authority under Section 2416, General Code, to compound this debt or release it in whole or in part.
For these reasons the relator is entitled to a peremptory writ as prayed for in his petition.

Peremptory writ allowed.

Nichols, C. J., Shauck, Newman and Wilkin, JJ., concur.