JOHN P. MAGNER, Plaintiff, *v.* ANDREW H. MILLS and Another, Defendants.

City Court of New York, New York County, May 21, 1930.

*Benjamin I. Shiverts*, for the plaintiff.

*Macklin, Brown, Lenahan & Speer*, for the defendants.

NOONAN, J. On this motion for summary judgment under rules 113 and 114 of the Rules of Civil Practice it appears that on June 13, 1924, the plaintiff as landlord and the defendants as tenants entered into a written lease by which there was leased to the defendants a certain pier located on the southerly side of Dearborn avenue and Long Island sound, in the village of Rye, N. Y.

The lease provided for a term from the date of the lease to October 1, 1926, at a rental of $1,000 a season. The rental for the years 1925 and 1926 was to be paid $500 on the first day of May of each year, and $500 on or before the first day of July of the said years. It was expressly provided that the pier was to be used " for the purpose of landing passenger boats only." The defendants entered into possession and paid the rental for the year 1924 and the rental of $500 that was due on May 1, 1925. The action is brought to recover the sum of $1,500, representing the rent due on July 1, 1925, and the rent for the year 1926.

On May 11, 1925, the board of trustees of the village of Rye passed an ordinance which became effective May 29, 1925, and which prohibited the defendants from using the pier unless the written consent of the trustees was first obtained.

Subsequent to the passage of the ordinance, the defendants

attempted to land the passengers of their boat at the pier, but the captain of the boat was arrested by the village authorities. The defendants then brought an action to enjoin the enforcement of the ordinance and the question came before the Appellate Division of the Second Department on an agreed statement of facts. The court rendered its decision on July 16, 1925, and by a vote of three to two decided that the ordinance was a valid regulation. (*Mills v. Fremd,* 213 App. Div. 742.) The defendants then applied to the trustees on July 30, 1925, for permission to use the pier, and on August 5, 1925, the trustees denied the application.

The answer sets forth that the defendants surrendered the premises to the plaintiff in the month of July, 1925.

The next installment of rent unpaid was due on July 1, 1925.

The answering affidavit of the defendants alleges that the pier was not used by them subsequent to June 30, 1925. This allegation of the defendants' affidavit must be accepted as the statement of the true situation on this motion. Apart from that, the real question in the case is whether the defendants are bound to pay rent under the lease when the village ordinance has prohibited them from using the pier for the only purpose for which it could be used.

At the time the parties made the lease, the defendants were free to use the pier untrammeled by any ordinance. The ordinance was then passed at a time prior to the due date of the next installment of rent which interfered with the use as contemplated by the lease. The defendants, as was their right, instead of seeking permission of the trustees to use the pier, challenged the validity of the ordinance, and sought to enjoin the trustees from carrying it into effect. As it turned out, the Appellate Division held that the ordinance was a valid regulation and that the defendants might apply to the trustees for permission to use the pier. The defendants, acting on this decision, applied for such permission, and it was refused.

It is clear, I think, that the moment the ordinance became effective the defendants were barred from using the pier. To use it would have been an act in violation of law. The case, therefore, falls within that class of cases where the passage of law subsequent to the making of a contract has rendered the performance of the contract impossible. (*Heine v. Meyer,* 61 N. Y. 171; *People v. Globe Mut. Life Ins. Co.,* 91 id. 174; *Adler v. Miles,* 69 Misc. 601; *Doherty v. Eckstein Brewing Co.,* 115 id. 175; affd., 198 App. Div. 708; *Kaiser v. Ziegler,* 115 Misc. 281.)

From the papers submitted, it is my opinion that the defendants cannot be held liable for the rental sued for. The defendants did not make any cross-motion. The motion for summary judgment is, therefore, denied.