## LUCIUS SIMPSON *vs.* AMOS L. WOOD.

One who hired a room to use as a public billiard room applied to the selectmen for a license; which they refused, but told him that they should make no objection to such use so long as he should not allow gambling or liquor selling. *Held*, that this did not amount to a license; that the use of the room was illegal under the Gen. Sts. c. 88, § 70; and that no action could be maintained against him by the lessor for the fitting up or rent of it.

CONTRACT for the fitting up, use and occupation of a room in a tenement in Douglas. At the trial in the superior court, before *Brigham*, C. J., there was evidence tending to show that the plaintiff agreed to fit up and lease the premises to the defendant to be used as a public billiard room ; that, before so using the room, the defendant, with the plaintiff's knowledge, applied to the selectmen of Douglas for a license to keep billiard tables for hire ; that, with the knowledge of the plaintiff, the selectmen refused to grant such a license to the defendant, but told him that they should make no objection to his using the billiard tables in the premises, if he would allow no gambling or liquor selling therein, and would conduct the tables properly ; that he had no license other than such as may be inferred from what was told him by

the selectmen; and that he used and occupied the premises without any act or declaration on the part of the selectmen, without allowing gambling or liquor selling, and without conducting the tables improperly.

The judge ruled that the contract, which this evidence tended to prove, was void as in violation of the Gen. Sts. c. 88, § 70, which imposes a fine for keeping a billiard table in any building, for hire, gain or reward, without license of the selectmen; and directed a verdict for the defendant, which was returned, and the plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*J. H. Stockwell*, for the defendant.

BY THE COURT. If an oral license could have been valid, there was no such license in fact; for the language of the selectmen, as reported, does not import a license, but the contrary. It is stated that they refused to grant a license, but told the defendant that they should make no objection to his using the billiard tables in the premises, if he would allow no gambling or liquor selling therein, and would conduct the tables properly. Their promise was merely that they would remain passive, on the condition stated. *Exceptions overruled.*