CHARLES L. PRATT & others *vs.* GRAFTON ELECTRIC
COMPANY.

Worcester.    September 29, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Landlord and Tenant.*

A lease of a mill privilege and water power contained these clauses : " The lessor
shall not be required to make or pay for any repairs on the leased premises or
property, nor to furnish any substitute for the same in case of their destruction,
loss or damage.  The lessee shall make, at its own expense, all necessary re-
pairs, during the term of the lease of the flume, gates, bulk-heads, and all leased
property, to keep them in proper condition for use."  The gates of the dam
being rotten, the county commissioners made an order that the lessor should
repair them.  He did not do so, and the commissioners under their statutory
powers removed the gates and let down the waters of the pond thus depriving
the lessee of the demised water power.  On being sued for the rent the lessee
set up an alleged eviction by reason of the foregoing facts.  *Held,* that in view
of the provisions of the lease there was no implied covenant on the part of the
lessor to make such repairs as might be ordered by the county commissioners
and therefore that the loss of the use of the water afforded no defence to the
action for rent.

CONTRACT upon an account annexed for rent unpaid under
the covenants of a lease of a mill privilege and water power.
Writ dated July 1, 1901.

In the Superior Court it was admitted that the rent sued for
had not been paid and that payment was refused on the ground
that it had accrued since the drawing down of the waters of the
mill pond by the removal of the gates by the county commis-
sioners under the circumstances stated by the court.   The case
was heard without a jury by *Gaskill,* J., who reported it for
determination by this court.

If the facts set forth constituted a defence to the action for
the rent reserved in the lease, judgment was to be entered for
the defendant.   If they did not constitute such defence, and the
court was of opinion that the plaintiffs were entitled to the
entire rent claimed in the declaration, judgment was to be for
the plaintiffs for $600 ; but if the court was of opinion that the
plaintiffs were entitled to recover for the use and occupation
of the premises while deprived of the use of the water power,

the case was to be remitted for trial in the Superior Court to determine what sum, if any, the plaintiffs were entitled to recover, or such other order was to be made as this court might determine.

*C. A. Merrill,* for the plaintiffs.

*H. Parker,* for the defendant.

BARKER, J.    Because the gates were rotten and in need of repair the county commissioners under the police power conferred by Pub. Sts. c. 190, §§ 52–58, removed them and drew down the waters of the pond, thus depriving the defendant of the use of the water power which was one of the things demised in the lease.    Before removing the gates the commissioners had made an order that the lessors should repair the gates, and the lessors had omitted to comply with the order.

The lease contained these clauses: "The lessor shall not be required to make or pay for any repairs on the leased premises or property, nor to furnish any substitute for the same in case of their destruction, loss or damage."    "The lessee shall make, at its own expense, all necessary repairs, during the term of the lease of the flume, gates, bulk-heads, and all leased property, to keep them in proper condition for use."

The lease being of a water mill both parties must be taken to have entered into it in view of the possibility that the water power might be affected by proceedings under the statutes concerning the safety of dams.    With express stipulations of the tenor of those quoted it cannot be said that there was an implied covenant on the part of the lessors to make such repairs as might be ordered in such proceedings.    Therefore the loss of the use of the water power was not a partial eviction or ouster for which the lessors were in any way responsible, and it affords no defence to the action for rent.

*Judgment for the plaintiffs for $600.*