WILLIAM A. GASTON, trustee, *vs.* ISAAC GORDON.

Suffolk.    December 8, 1910. — March 3, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract,* Construction, Validity, In writing.    *Landlord and Tenant.    Evidence,* Extrinsic affecting writings.    *Practice, Civil,* Ordering verdict.

A contract in writing, which reasonably can be performed in such a way as to violate no law, will not be held to be invalid because it can be performed in such a way as to commit a criminal offense, especially where it contains a provision that no unlawful act shall be performed.

In an action to recover rent upon a covenant in a lease, it appeared that the lease contained elaborate provisions defining the rights of the respective parties, and contained a covenant on the part of the lessee that he would use the premises solely for the retail liquor business and would not use them for any other purpose, that the defendant failed to obtain a license for the sale of intoxicating liquors on the premises, and thereupon gave notice to the plaintiff, and refused to occupy the premises or to pay rent, contending that it was an implied condition of the lease that the lessee should be able to procure a license, and that if he failed to do so upon a proper application he was not bound by the lease. *Held,* that no such term of the lease was to be implied, that the defendant's obligation to pay rent was an absolute one, and that he was not excused from his obligation by the refusal of a public board, for whose action the plaintiff was in no way responsible, to act favorably on the defendant's application for a license.

In an action on a covenant to pay rent contained in a lease in writing, evidence of conversations between the plaintiff's agent and the defendant in regard to the terms and conditions of the lease, which took place before its execution, is not admissible to vary the unambiguous terms of the instrument.

In an action on a covenant to pay rent contained in a lease in writing, where the execution and delivery of the lease are admitted and it appears that the defendant refused to pay rent in accordance with its terms without any just ground for such refusal, the only correct conclusion possible as matter of law is that the plaintiff is entitled to recover, and a verdict for the plaintiff should be ordered.

CONTRACT for rent upon a covenant contained in a lease in writing of a store numbered 591 on Washington Street at the corner of Avery Street in Boston.    Writ dated September 8, 1908.

The provisions of the lease are described in the opinion.    The defendant's answer, in addition to a general denial, contained the following:

" And further answering the defendant says that, if he ever executed the lease a copy of which is annexed to the declara-

tion, it was provided in said lease that he should use the said premises solely for the retail liquor business; that said premises could not lawfully be used for said business without a license for the sale of intoxicating liquors; that the defendant was unable to obtain such license, and therefore could not carry out the provisions of said lease without violating the laws of the Commonwealth; that the defendant requested the plaintiff to allow him to use the premises for other purposes not unlawful which the plaintiff refused to do; that the performance of said lease by the defendant therefore became unlawful and the defendant was not bound by said lease, and has never occupied the premises described therein.

" And further answering the defendant says that if he ever executed said lease, the same was executed upon the condition that he should be able to procure a license for the sale of intoxicating liquors upon the premises described therein; that he endeavored to obtain such license but the same was refused him; that thereupon said lease became void and of no effect.

" And further answering the defendant says that if he ever executed said lease, the same was in violation of the laws of this Commonwealth relating to the sale of intoxicating liquors, and was therefore unlawful and void."

In the Superior Court the case was tried before *Lawton*, J. At the close of the evidence the counsel for the plaintiff moved to strike out as immaterial so much of the defendant's testimony as related to conversations between one Townsend, who was the agent of the plaintiff, and the defendant with regard to the subject matter of the lease before the signing of the lease. The judge ruled that these conversations were admitted improperly and were incompetent and immaterial, and ordered that the defendant's evidence relating to them should be stricken out. The defendant excepted. This evidence being stricken out, and it being agreed that there was no conflict in the evidence as to the other facts of the case, and the counsel agreeing that, if the plaintiff was entitled to recover the rent, he was entitled to receive $2,589.66, the judge ruled that upon the whole evidence and the pleadings the plaintiff was entitled to a verdict for that amount, and ordered a verdict for the plaintiff in the sum named. The defendant alleged exceptions.

*J. M. Gibbs,* for the defendant.

*T. Hunt,* for the plaintiff.

RUGG, J. This is an action of contract to recover rent reserved in a written lease. The facts are not in controversy. The defendant, hoping to secure a license to sell intoxicating liquors upon the demised premises, executed with the plaintiff under date of November 15, 1907, a lease for a term of three years from February 1, 1908, which contained a covenant that he would " use the said premises solely for the following purposes, — for the retail liquor business " and would not " use said premises or any part thereof for any purpose other than those stated in this lease, nor for any purpose . . . which shall be unlawful . . . or contrary to any law, ordinance or by-law." In the latter part of 1907 an application for a license for the sale of intoxicating liquors on the premises was made by the defendant to the licensing board, and it was refused. Thereupon the defendant gave notice to the plaintiff, did not enter into occupation under the lease, and refused to pay rent.

1. This action is defended chiefly on the ground that the lease on its face requires something to be done, which is illegal unless a license was granted, and that as this was refused the plaintiff cannot recover. If this objection is well founded the plaintiff cannot recover, for it is elementary that a contract which cannot be performed without violating the law is void. The lease is explicit that the lessee will use the premises solely for the liquor business. This is equivalent to an express stipulation that he will use them for nothing else. This business when licensed according to the provisions of the statute is recognized by law as legal. It was possible in the nature of things lawfully to comply with all the stipulations of the lease. It is an implied condition of all contracts that they shall be lawfully performed. Where it is possible to execute their terms in different ways, one of which is permissible and the other prohibited, it will be presumed as a general rule in the absence of evidence to the contrary that both parties intended that it should be executed according to law. A contract will be treated as binding when it can reasonably be performed in such way as to violate no law, and will not be regarded as void, because, among others not objectionable, one way is open for so executing it as to con-

travene some criminal statute. *Shedlinsky* v. *Budweiser Brewing Co.* 163 N. Y. 437. *Waugh* v. *Morris*, L. R. 8 Q. B. 202, 208. *Tayler* v. *Chichester & Midhurst Railway*, L. R. 4 H. L. 628. *Newby* v. *Sharpe*, 8 Ch. D. 39. There is in this lease the further provision that there shall be no unlawful use of the premises. This confirms the implication to this effect which the policy of the law reads into every contract. There is therefore not only nothing to indicate that the parties in executing this lease contemplated any unlawful use, but the clear statement to the effect that they did not.

2. The defendant contends that it is an implied condition of the entire lease that the lessee shall be able to procure a license, and if he fails he shall not be bound. It is plain from the lease that the premises can be used for nothing else than the liquor business, except with the assent in writing of the lessor. It follows that without a license the lessee can make no use of them, except by consent of the lessor. *Steward* v. *Winters*, 4 Sandf. Ch. 587. *Spalding Hotel Co.* v. *Emerson*, 69 Minn. 292. *Maddox* v. *White*, 4 Md. 72. *Wertheimer* v. *Wayne Circuit Judge*, 83 Mich. 56, 62. There is nothing about the lease to raise the inference that the parties intended it to be subject to an implied condition that the defendant should procure a license. On the contrary, there is much to lead to the opposite conclusion. It is elaborate in all its details. It expresses the rights of the parties in the event of damage to or destruction of the property by fire or unavoidable casualty or its taking by eminent domain, and for the possible termination of the lease under these circumstances. There is also a stipulation as to its termination in the event of bankruptcy, insolvency or assignment for benefit of creditors by the lessee, and by notice in writing at any time after January 31, 1910. The lease seems to be a studied effort to put into written phrase every consideration which was a part of their agreement. It was apparently an intelligent attempt to express their contract in such a way and with such fulness that nothing could be left uncertain. It must have been within the thought and contemplation of the parties that the lessee would be obliged to get a license not only once but each year of the term of the lease in order to make the required use of the premises. The lease binds the heirs, the assigns and legal representatives of both the lessor

and the lessee. Yet it is plain that if a license had been granted to the lessee, it is such a personal privilege that, had he died before its expiration, it would have been extinguished, and the liquor business could not have been carried on except under a new license. But by the express terms of the lease rent would still have been due. The inference is unavoidable that if it had been intended to make this whole instrument dependent upon the granting of a license to the lessee, a clause to that end would not have been omitted. The lessee has bound himself in unmistakable language to pay the rent without any qualification dependent upon his failure to obtain the necessary authority from public officers. Although this mischance renders it impossible for him to make the valuable use of the property which was contemplated, that was a contingency which ought to have been foreseen, and some anticipatory provision of partial or entire exoneration from liability inserted in the lease if such was the intention of the parties. There appears to be no more reason to imply such condition in this lease than to say that the burning of a building ends a lease of land and buildings. Yet nothing is better settled in the law of landlord and tenant than that, in the absence of special stipulation, there is no abatement of rent in case a building upon leased premises is ruined by fire. *Fowler* v. *Bott*, 6 Mass. 63. *Davis* v. *Alden*, 2 Gray, 309. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 407. The reason for this rule is that an express and unqualified obligation voluntarily incurred ought to be enforced. Casualties not provided for in such a contract must be presumed to have been omitted intelligently and intentionally. The fact that by reason of the refusal of the public board to act favorably to the defendant, for which the landlord is in no wise responsible, the value of the estate to the tenant has been greatly diminished, will not excuse him from performing what is required of him. *Pratt* v. *Grafton Electric Co.* 182 Mass. 180. *Houston Ice & Brewing Co.* v. *Keenan*, 99 Texas, 79. *Goodrum Tobacco Co.* v. *Potts-Thompson Liquor Co.* 133 Ga. 776.

3. The testimony of conversation occurring before the execution of the lease between the plaintiff's agent and the defendant, so far as not wholly immaterial, was properly excluded, under the familiar rule that when parties have put their contract in writing in unambiguous terms, previous or contemporaneous con-

versations or agreements respecting the same subject are inadmissible to vary its terms. The writing is conclusively presumed to express the contract. *Mears* v. *Smith,* 199 Mass. 319. *Commonwealth Trust Co.* v. *Coveney,* 200 Mass. 379. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122, 132. *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501. *Jennings* v. *Puffer,* 203 Mass. 534.

4. The execution and delivery of the lease being admitted, there was no question of fact to be submitted to the jury. This is not a case where different inferences might have been drawn from undisputed facts. The only correct conclusion possible as matter of law was that the plaintiff was entitled to recover. Hence the verdict was rightly directed.

*Exceptions overruled.*