Hoefeld v. Ozello, 213 Ill. App. 152.

## Albert Hoefeld et al., Defendants in Error, v. James Ozello, Plaintiff in Error.

## Gen. No. 24,184.

1. LANDLORD AND TENANT, § 43*—*when entire saloon lease not invalid as contemplating violation of Sunday law.* A provision in a saloon lease giving the lessee the option of terminating the lease on notice "in the event that the State Sunday Closing Law is generally enforced in Chicago" does not render the entire lease invalid as inferentially contemplating the violation of the law against the opening of saloons on Sunday.

2. CONTRACTS, § 371*—*when inference of illegality cannot be indulged.* An inference of illegality cannot be indulged in construing a contract unless such illegality is fairly inferable from the words used in such contract.

3. CONTRACTS, § 160*—*when party estopped to claim illegality of contract.* A party at whose instance a clause was inserted in a contract which would render it invalid as contemplating a violation of law is *particeps criminis*, and is estopped to invoke his own wrong to escape liability thereon.

4. LANDLORD AND TENANT, § 51*—*what evidence inadmissible to vary or alter lease.* Evidence of conversations between the lessees and their agent and the lessor at and prior to the execution of the lease is inadmissible to vary, alter, change or amend its provisions.

5. CONTRACTS, § 157*—*when contract made in violation of law is unenforceable.* A contract made in violation of law is void and unenforceable regardless of whether the statute so declares or merely prohibits the thing contracted to be done.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919. Rehearing denied February 10, 1919.

THOMAS W. PRINDEVILLE and THOMAS J. O'HARE, for plaintiff in error.

ADLER, LEDERER & BECK, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The judgment before us for review is for rent under a written lease for premises to be used as a restaurant and saloon. A judgment entered by confession was opened and defendant let in to defend. On a trial before the court there was found to be due from defendant for rent $1,430, and the judgment by confession was confirmed and ordered to stand in full force and effect as the judgment of the court at the date when first entered. A motion to vacate being denied, defendant prayed an appeal to this court, which he did not perfect but sued out of this court this writ of error.

The lease in the record contains the following clause:

"The lessee shall have the right to terminate this lease by giving to the lessors within thirty days after the closing of said saloon by State or city authorities a sixty days' written notice in the event that the State Sunday Closing Law is generally enforced in Chicago, or in the event that the City of Chicago shall discontinue the issuance of all saloon licenses."

It is vigorously contended that this clause renders the whole lease invalid because it inferentially contemplates the violation of the statute law against the opening of saloons on the first day of the week, commonly called Sunday.

We do not so interpret this clause of the lease. It is not a provision for a violation of law, but states a condition which, if occurring, gave the tenant the option to terminate the demise. It simply recognized a notorious fact—that the statute law providing for the closing of saloons on Sunday was uniformly violated in Chicago without any interference by the municipal authorities. It is also a matter of public notoriety that the municipal authorities about the year 1916 commenced to enforce the Sunday saloon closing statute.

There is nothing in the lease which authorized defendant to keep his saloon open on Sunday in violation of the law or which gave to the landlord any control or even supervision of the business which defendant conducted upon the demised premises. Defendant, if he wished, could have availed of the option to end the term by giving the notice provided for in the clause above recited. He failed to avail of this way out of his dilemma.

We cannot infer from the condition of the lease above cited that plaintiffs, in effect, licensed the defendant to violate the State Sunday Closing Law. No decision cited by defendant's counsel goes to the length of holding that a covenant of this nature is susceptible to an inference of a license to violate the law. It cannot be said that plaintiffs were at all responsible for the manner in which defendant conducted his business on the demised premises, as they had no control over the same or any interest therein so far as disclosed by any covenant of the lease in evidence, which is the contract of the parties. An inference of illegality cannot be indulged in construing a contract unless such illegality is fairly inferable from the words used in such contract. In other words, it is not the policy of the law to read into a contract a covenant of illegality. Furthermore, if his contentions were well taken, defendant is under well-settled principles of law, by the insertion at his instance of the offending clause in the lease, if such clause is violative of the law, *particeps criminis,* and will not be allowed to invoke his own wrong to escape his contract liability.

Evidence proffered of conversations between plaintiffs and their agent and defendant at and prior to the execution of the lease was inadmissible. The written contract could not be varied, altered, changed or amended by such conversations. The instrument itself constitutes the contract of the parties. *Gaston v. Gordon,* 208 Mass. 265.

It is undoubtedly true that a contract made in violation of a state statute is void and unenforceable regardless of whether the statute so declared or merely prohibits the thing contracted to be done (*People v. Board of Supervisors*, 122 Ill. App. 40); but there is no provision in the lease above cited which contracts for the violation of any law, statutory or otherwise.

We see no reason to disturb the judgment of the Municipal Court and it is therefore affirmed.

*Affirmed.*