ELLIOTT D. ROBBINS *vs.* CATHERINE A. McCABE.

Suffolk.     May 23, 1921. — June 29, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant to pay rent. *Contract,* In writing. *Evidence,* Extrinsic affecting writing. *Pleading, Civil,* Declaration. *Practice, Civil,* Requests and rulings, Report.

In an action of contract where the declaration alleges that the defendant is indebted to the plaintiff for rentals under a written lease and there is no allegation or claim therein for the cost of repairs, there can be no recovery for the cost of repairs although in a report of the case by a judge it is recited that the action is to recover "rental and cost of repairs."

In an action above described a request for a ruling that "the plaintiff cannot recover for the repairs charged for in his declaration on all the evidence" is inapplicable in view of the pleadings and properly was refused.

At the trial of an action to recover rental reserved in a lease in writing for a term of years which contained no reference to the character of business to be conducted upon the leased premises, a request for a ruling, that "If the court finds as a fact that the property leased to the defendant was leased for a specific purpose and that that purpose was known to the plaintiff before the lease was executed, and if the business for which the defendant hired the premises became illegal under the laws of the United States, there can be no recovery by the plaintiff under the lease for any period of time after said business became illegal," should be denied.

There being no provision in the lease, which was the foundation of the action above described, that it should be modified or terminated before its expiration in the event that the sale of intoxicating liquor on the premises for any reason became unlawful, a finding that the parties understood and intended that the defendant should carry on the liquor business on the premises let, even if treated as a finding

that the premises were let for that specific purpose and that that purpose was known to the plaintiff before the lease was executed, was immaterial.

CONTRACT for $1,500 alleged to be due as rent under the provisions of a lease of certain premises in the Charlestown district in Boston. Writ in the Municipal Court of the City of Boston dated April 29, 1920.

The evidence and findings of the judge at the trial in the Municipal Court are described in the opinion. At the close of the evidence the defendant asked for the following rulings:

2. "The plaintiff cannot recover for the repairs charged for in his declaration on all the evidence.

3. "If the court finds as a fact that the property leased to the defendant was leased for a specific purpose and that that purpose was known to the plaintiff before the lease was executed, and if the business for which the defendant hired the premises became illegal under the laws of the United States, there can be no recovery by the plaintiff under the lease for any period of time after said business became illegal."

The trial judge refused to give the rulings, found for the plaintiff in the sum of $754.30 and, in a report reciting that the action was to recover "rental and cost of repairs under a written lease," reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*J. E. Eaton & E. T. McKnight,* for the defendant.

*J. H. Blanchard & C. H. Moore,* for the plaintiff.

CROSBY, J. The plaintiff executed and delivered to the defendant a written lease of certain real estate for the term of five years from the first day of September, 1915. The lease provides that certain repairs shall be made by the lessee during that period. Under date of April 20, 1917, the lessee assigned the lease for the remainder of the term to the firm of G. L. Sullivan and Company, the plaintiff in writing consenting thereto, "but without releasing said Catherine A. McCabe from liability thereunder by reason of her said assignment. . . ."

The report recites that the action is to recover "rental and cost of repairs under a written lease;" but the declaration alleges that the defendant is "indebted to the plaintiff [in] the sum of fifteen hundred dollars, that being twelve equal monthly payments from

May 1st 1919, to May 1st 1920." As there is no allegation that the defendant is indebted for the cost of repairs and no claim is made therefor, it follows that no recovery could be had on that ground. The statement in the report that the action is to recover for the cost of repairs is erroneous, that ground of recovery not having been pleaded. The cause of action stated in the declaration must govern.

The only questions of law appearing in the record arise by reason of the refusal of the trial judge to make the second and third rulings requested by the defendant. The second was properly refused; it was inapplicable in view of the pleadings. The third request was also rightly refused.

The trial judge found that the plaintiff knew and understood that the premises had been occupied by the defendant for the sale of intoxicating liquor and it was her desire and intention to continue in the liquor business on the leased premises; and that the plaintiff knew the property had "a special and peculiar value as a liquor saloon on account of its location, and that if used for any other purpose its value would be much less." These findings do not relieve the defendant from the covenant to pay rent, even if before the expiration of the term the sale of intoxicating liquor upon the premises was prohibited by law. Nothing in the written instrument prevents the lessee from occupying the property for any lawful trade; it contains no reference to the character of the business to be conducted there, nor anything from which it could be inferred it was meant by the parties that the defendant should be released from liability for the payment of rent, if at any time during the term it became unlawful to carry on the liquor business there.

The findings that the parties understood and intended that the defendant should carry on the liquor business on the premises do not affect the result; the terms of the written instrument are free from ambiguity, and cannot be affected by any intention of the parties contrary to its provisions. *Taylor* v. *Finnigan*, 189 Mass. 568. *Gaston* v. *Gordon*, 208 Mass. 265. It is conclusively presumed to express the contract. *Jennings* v. *Puffer*, 203 Mass. 534. *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501. *Gaston* v. *Gordon, supra.* If the parties contemplated that the lease should be modified or terminated before the expiration of the term

in the event that the sale of intoxicating liquor on the premises for any reason should be unlawful, a provision to meet that contingency should have been inserted therein.

The findings of the court, if treated as findings that the property was leased for a "specific purpose and that that purpose was known to the plaintiff before the lease was executed" were immaterial; the lease is to be construed in accordance with its plain language and cannot be affected by the previous oral understanding of the parties. *Mears* v. *Smith,* 199 Mass. 319.

The rule that incompetent evidence admitted without objection is to have its appropriate probative effect, *Orpin* v. *Morrison,* 230 Mass. 529, 531, 533, has no application to the facts in the case at bar.

*Order dismissing report affirmed.*