JOHN L. IMBESCHIED, trustee, & another *vs.* CHARLES LERNER.

Suffolk.    November 7, 1921. — April 12, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant*, Covenant to pay rent. *Contract*, Construction, Validity, Performance and breach. *Intoxicating Liquor*.

In a lease in writing dated January 23, 1914, for a term of ten years commencing February 1, 1914, it was provided that the leased premises were "to be used for the purpose of carrying on liquor business" and that the lessee would not without the consent in writing of the lessor assign the lease or sublet the premises or make any unlawful use thereof and "that no use be made of said premises other than that above specified." The lease contained no provision for abatement of rent if such business should become illegal. The Eighteenth Amendment to the Constitution of the United States prohibiting the "manufacture, sale, or transportation of intoxicating liquors . . . for beverage purposes" went into effect January 16, 1920. *Held,* that the fact, that the adoption of the amendment prevented the defendant from longer conducting the liquor business on the premises, did not release him from liability under a covenant to pay rent for the entire term of the lease.

CONTRACT upon an account annexed for $640 for rent under the provisions of a lease in writing. Writ dated July 26, 1920.

In the Superior Court the action was heard by *McLaughlin, J.,* without a jury, upon agreed facts which are described in the opinion. The judge found for the defendant; and the plaintiff appealed.

The case was submitted on briefs.
*J. M. Graham,* for the plaintiff.
*J. H. Casey & F. J. Muldoon,* for the defendant.

CROSBY, J. This is an action of contract to recover the rent reserved in a written lease. The lease is dated January 23, 1914, and is for the term of ten years from the first day of February, 1914. The property in question is described as "the premises numbered 207A Boylston Street, Jamaica Plain, first floor, base-

ment, stable, yard and driveway as now used in the business there-conducted and this day sold to said Charles Lerner, said premises to be used for the purpose of carrying on liquor business." The lease also contained the following provisions: "And the Lessee covenants that . . . he will not, without the consent in writing of the lessors, assign this lease, nor underlet the whole or any part of said premises . . . that they will not make any unlawful, improper, or offensive use of said premises . . . that no use be made of said premises other than that above specified." The case was heard by a judge of the Superior Court on agreed facts, upon which he found for the defendant, and ordered judgment accordingly.

It appears from the agreed statement of facts that the leased premises "were occupied after the execution of the lease for a long period of time by the defendant as a liquor store;" and "that at the time of the execution of the lease, the premises were used as a liquor store under license of the fourth class, issued by the Licensing Board of the City of Boston, and that subsequent to January 1, 1920, such licenses, to wit, of the fourth class, could not be procured from said Licensing Board by reason" of the Eighteenth Amendment to the Constitution of the United States and the Act of Congress to enforce its provisions. The ratification of the Eighteenth Amendment "was consummated January 16, 1919. That the Secretary of State did not proclaim its ratification until January 29, 1919, is not material." By its own terms the amendment went into effect one year after its ratification and the Volstead act to enforce its provisions went into effect at the same time. *Dillon* v. *Gloss*, 256 U. S. 368, 376. The amendment provides that "the manufacture, sale, or transportation of intoxicating liquors . . . for beverage purposes is hereby prohibited."

It is the contention of the defendant that, because the sale of intoxicating liquors for beverage purposes is prohibited by the federal amendment making it impossible after its ratification longer to carry on the liquor business on the demised premises, he is relieved from the performance of the covenants in the lease. We are unable to agree with this contention. When the lease was executed, and for a long period of time thereafter, it was possible for the defendant to carry on the liquor business on the leased premises; and during that time he was there engaged in that

business. The contract embodied in the lease was lawful and valid when executed; the fact that afterwards the adoption of the amendment prevented the defendant from longer conducting the liquor business on the premises does not release him from liability under the covenant to pay the stipulated rental for the entire term, in the absence of any provision in the lease that the rent should be abated in whole or in part in the event of such business becoming illegal. As was said in *Gaston* v. *Gordon,* 208 Mass. 265, at page 269: "But by the express terms of the lease rent would still have been due. The inference is unavoidable that if it had been intended to make this whole instrument dependent upon the granting of a license to the lessee, a clause to that end would not have been omitted. The lessee has bound himself in unmistakable language to pay the rent without any qualification dependent upon his failure to obtain the necessary authority from public officers. Although this mischance renders it impossible for him to make the valuable use of the property which was contemplated, that was a contingency which ought to have been foreseen, and some anticipatory provision of partial or entire exoneration from liability inserted in the lease if such was the intention of the parties."

We are unable to perceive any distinction in principle between the facts in the case last cited and those in the case at bar. The inability of the defendant to carry on the liquor business because of the prohibition contained in the federal amendment cannot relieve him from his contract, any more than he would be so exonerated in the event that the vote of the city had been against the sale of intoxicating liquors, or the licensing board had refused to grant him a license to be exercised on the leased premises. The sale of intoxicating liquors is well known to be a subject of regulation, restriction and prohibition by statute and by constitutional amendment. If the defendant desired to have protected himself from liability to pay rent, a clause for that purpose should have been inserted in the lease. He seeks to invoke the familiar rule that a contract which cannot be performed without violating the law is void. This is a good rule of law, but it is not applicable to the present case. It is well settled that a tenant is liable for rent in the absence of stipulation if a building upon leased premises is destroyed by fire. *Davis* v. *Alden,* 2 Gray, 309. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402. We cannot doubt that the defendant is

liable upon his covenant to pay rent, notwithstanding the adoption and ratification of the Eighteenth Amendment during the term of the lease. *Taylor* v. *Finnigan,* 189 Mass. 568. *Gaston* v. *Gordon, supra. Robbins* v. *McCabe,* 239 Mass. 275. *Goodrum Tobacco Co.* v. *Potts-Thompson Liquor Co.* 133 Ga. 776. *Houston Ice & Brewing Co.* v. *Keenan,* 99 Texas, 79.

In accordance with the stipulation in the agreed facts, the plaintiff is entitled to recover the sum of $480. The entry must be

<div style="text-align:center">

*Judgment reversed.*

*Judgment for the plaintiff for $480.*