MICHAEL M. GARVEY & others *vs.* PATRICK F. McNULTY.

Essex.    December 3, 1929. — January 29, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Validity. *Landlord and Tenant*, Illegal letting. *Evidence*, Presumptions and burden of proof.

At the trial of an action for several weeks' rent of a room hired by the defendant by the week, there was evidence that the plaintiff, at the time of the letting, had reason to believe that the room was to be used by the defendant and some of his friends as a place for playing cards, but did not know that it was to be used as a place for illegal

gaming or playing cards for stakes; that on several occasions there-after the plaintiff saw the defendant and his friends playing poker and using "chips" as counters; that, at "some time" during the tenancy, the plaintiff learned that the premises were being used for illegal gaming; and that the defendant had paid the rent for the first few weeks. The trial judge refused to rule, as requested by the defendant, that knowledge on the part of the plaintiff that the leased premises were being used for an unlawful purpose would prevent recovery; and found for the plaintiff. Upon appeal to this court from an order by an appellate division dismissing a report, it was *held*, that

(1) If it came to the plaintiff's knowledge that the room was being used for illegal gaming, he was not entitled to recover rent thereafter if such use continued;

(2) Playing poker with "chips" as counters affords a presumption that the game is being played for something of value and a presumption that the game is illegal;

(3) Knowledge by the plaintiff of the use of "chips," in the absence of contrary evidence, required that he be charged with knowledge that illegal gaming was carried on in the room;

(4) The ruling requested should have been given;

(5) There must be a new trial of the action.

CONTRACT. Writ in the District Court of Lawrence dated March 12, 1929.

The pleadings, and material evidence and a ruling refused by the judge at the trial in the District Court, are described in the opinion. The judge found for the plaintiffs in the sum of $186 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendant appealed.

*E. J. McVey*, for the defendant.

No argument nor brief for the plaintiffs.

CARROLL, J. This is an action of contract. The plaintiffs seek to recover for thirty-one weeks' rent of a room from August 27, 1927, to April 1, 1928. The answer was a general denial, payment and illegality.

The rental was $6 a week. The plaintiff "furnished said room with a large round table." The defendant and certain of his friends occupied the premises as a club room from January, 1927, to April 1, 1928, paying rent from January to August 27, 1927. It was found that one of the plaintiffs, Garvey, who let the room, had reason to believe "at the time of the letting . . . that it was to be used as

a place for playing cards, but did not know that it was to be used for illegal gaming or playing of cards for stakes"; that Garvey on several occasions saw the occupants play-ing "poker" and "using 'chips' as counters, and that at some time during said tenancy" — the exact time not being fixed — he learned that the premises were used for illegal gaming. The defendant asked for this ruling, which was refused: "The mere knowledge on the part of the plain-tiffs that the leased or rented property was being used for an unlawful purpose will prevent recovery." The judge found for the plaintiffs and reported the case. The Appel-late Division for the Northern District ordered that the report be dismissed.

Every building, place or tenement which is resorted to for illegal gaming is a common nuisance. G. L. c. 139, § 14. If the plaintiffs knew that the premises were used for an illegal purpose they cannot recover. See *Simpson v. Wood,* 105 Mass. 263; *Graves v. Johnson,* 156 Mass. 211; *Kemp v. Hammond Hotels,* 226 Mass. 409. Knowledge by the landlord of the illegal use of the premises is generally a question of fact. *Kemp v. Hammond Hotels, supra,* page 416. It was said in *Way v. Reed,* 6 Allen, 364, at page 371: "To deprive the lessor of his right to recover rent, it would be necessary to show actual and not merely con-structive knowledge of the illegal occupation of the demised premises." But knowledge which prevents recovery of rent does not mean actual personal observation of the illegal gaming; it means notice of such circumstances as would lead the landlord to such knowledge. *Kemp v. Hammond Hotels, supra.* Knowledge that the occupants were engaged in a game of cards, which is perfectly legal, is not as matter of law the equivalent of notice of such circumstances as would lead the owner of the premises to know of the illegal use.

It was found, however, that Garvey, one of the plaintiffs, on several occasions during the tenancy visited the room and saw the occupants playing poker and using chips as count-ers; and at some time during the tenancy, the exact time not being fixed, he knew that the premises were used for

illegal gaming. Playing poker with chips for counters affords a presumption at least, and it may be *prima facie* evidence, that the chips represented something of value — that the game was played for money or something valuable. Such a game may be shown to be legal, but the presumption is against it. See G. L. c. 271, § 27. Garvey had knowledge of the fact that the game was played with counters, and in the absence of evidence to the contrary he must be charged with knowledge that illegal gaming was carried on in the rented premises. He saw this illegal gaming several times, and did nothing to prevent it or terminate the tenancy. The precise time when Garvey discovered the playing of poker is not found, but enough appears to show that he knew the room was used for illegal gaming; the ruling asked for by the defendant and refused should have been given.

A landlord may recover rent if the tenant used the premises for illegal gaming, if the landlord has no knowledge of the illegal use or no notice of such circumstances as would lead him to knowledge. But from the time the landlord has such information, if the illegal use continues, he cannot recover rent; he is a party to the illegality. See *Jennings v. Throgmorton*, Ry. & Moody, 251.

In our opinion there was some evidence that the plaintiffs knew that the premises were resorted to for illegal gaming, and the knowledge that poker was played in the manner described gave them sufficient information of the illegal use. There was error in refusing the second request of the defendant. Let the entry be

*Order dismissing report reversed.*
*New trial ordered.*