ESSEX-LINCOLN GARAGE, INC. *vs.* CITY OF BOSTON & others.

Suffolk.    May 3, 1961. — June 7, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant,* Lease of parking facility, Implied condition, Rescission of lease.    *Contract,* Performance and breach, Rescission.

Continuance of the traffic pattern in existence on one-way streets adjacent to a parking facility at the time of a leasing of the facility by the municipality by a lease setting forth the rights and duties of the parties in great detail was not an implied underlying condition of the lease; and a subsequent reversal of the direction of traffic on one of the adjacent streets, even if it resulted in diminution of business at the parking facility, did not entitle the lessee in equity to a rescission of the lease either on the ground that there was such an implied condition or under the doctrine of "frustration."

BILL IN EQUITY, filed in the Superior Court on November 3, 1960.

The suit was heard by *Forte,* J.

*Samuel P. Sears & Lawrence R. Cohen,* for the plaintiff, submitted a brief.

*William H. Kerr,* for the defendants.

SPIEGEL, J.    This is a bill in equity seeking rescission of a lease of a public parking facility and its accompanying performance bond and for damages.    The case was tried before a judge of the Superior Court who made findings of fact and rulings of law and ordered the entry of a final decree dismissing the bill.    The case is before us on appeal from the final decree.    The evidence is not reported.

The facts as found by the trial judge may be summarized as follows:    On or about November 14, 1959, the city of Boston, through its Real Property Board, solicited pro-

posals for leasing from it a parking facility situated in Boston on the northerly side of Essex Street between Columbia and Lincoln streets to be operated as a public parking facility for a period of thirty-six months, beginning December 1, 1959.

At the time of this solicitation and at the time the plaintiff submitted its proposal and when the lease was subsequently executed by the parties, Columbia Street was a one way street running south from Bedford Street to Essex Street; Essex Street was a one way street running east from Washington Street past Columbia Street to Lincoln Street; Lincoln Street was a one way street running northerly from Essex Street to Bedford Street; Bedford Street was a one way street running west from Lincoln Street past Columbia and Kingston streets to Washington Street; and Kingston Street was a one way street running south from Bedford Street to Essex Street.

The plaintiff was the highest responsible bidder and on November 30, 1959, a lease was executed.

The Boston Traffic Commission amended its traffic rules and regulations, which amendment became effective January 26, 1960, almost two months after the lease became operative. As a result of this amendment the direction of traffic on Columbia Street was reversed to run northerly from Essex Street to Bedford Street. Upon learning of this change the plaintiff protested to the proper municipal officers, to the Real Estate Board, and to the chairman of the Traffic Commission contending that the change in traffic resulted in the diminution of business in the parking facility. The original traffic flow has not been restored on Columbia Street and the action of the Traffic Commission is still in effect.

The plaintiff relies on two contentions: (1) That the continuance of the traffic pattern in existence at the time of the invitation for proposals, the proposals, the lease and the accompanying bond was an implied condition of the lease, and if that is not so (2) then the doctrine of frustration applies.

The trial judge ruled "that there was no implied condition . . . and that the so called doctrine of frustration does not apply."

We treat the voluntary findings of the trial judge as the equivalent of a report of material facts. *Woods* v. *MacDonald*, 326 Mass. 401, 403. *Cassidy* v. *Liberty Mut. Ins. Co.* 338 Mass. 139, 141. The conclusions of fact of the trial judge are consistent with the specific facts found by him and these conclusions, in connection with the specific facts found, support the decree. *Goldston* v. *Randolph*, 293 Mass. 253, 255. *Cassidy* v. *Liberty Mut. Ins. Co.* 338 Mass. 139, 141.

The lease in this case contains numerous provisions, conditions and covenants. We perceive no statement in the lease which would dispose us to conclude that the parties had any implied condition in mind. If anything, we are inclined toward an opposite conclusion. The lease was very detailed in regard to the rights and duties of the parties involved and obviously was an attempt to express the entire contract between the parties. *Gaston* v. *Gordon*, 208 Mass. 265, 268.

Reasonable business prudence would have prompted the plaintiff to require that the lease contain a provision for its modification or its termination in the event the traffic pattern was changed if that had been the intention of the parties. See *Hornblower* v. *Abbot*, 252 Mass. 291, 297–298.

There is no reason to believe that an underlying implied condition was left unexpressed. The case in this aspect is governed by the principles stated in *Gaston* v. *Gordon*, 208 Mass. 265, and *Imbeschied* v. *Lerner*, 241 Mass. 199.

The trial judge's conclusion that "the so called doctrine of frustration does not apply" was not erroneous as a matter of law but, to the contrary, is supported by the authorities. In *Baetjer* v. *New England Alcohol Co.* 319 Mass. 592, 602, it was said that "a contracting party cannot be excused [under the doctrine of frustration] where the only 'frustration' consists in the fact that known risks assumed by him have turned out to his disadvantage." That is the

situation in the instant case. It is well known that traffic regulations are subject to change. Such change was a risk assumed by the plaintiff. Williston on Contracts (Rev. ed.) § 1955. 16 U. of Cincinnati L. Rev. 339. 79 U. of P. L. Rev. 978. 37 Yale L. J. 1161. 43 Col. L. Rev. 404. 20 N. Y. U. L. Q. Rev. 239. Restatement: Contracts, §§ 288, 457, illustration 3, 467. Cf. 42 Col. L. Rev. 1058.

*Decree affirmed.*