*Municipal Court of the City of Boston*
No. 101635
**ARASHIM, INC.**
v.
**LEAH GERBER, ET AL**
**AND**
**UNITED STATES TRUST CO., TR.**
(April 10—May 4, 1964)

*Present*: Adlow, C. J., Gillen & Lewiton, JJ.
Case tried to *Shamon, J.*

*Adlow, C. J.* Action of contract to recover rent for use and occupation of premises occupied by the defendants and for legal expenses incurred by the plaintiff in securing

possession of the premises by Summary Process proceedings.

The defendants were occupants of premises located at Suite 3, 36 Kilsyth Road, Brookline, under a lease terminating on *August* 31, 1963. On July 12, 1963 the plaintiff, the owner of the premises, sent a letter to the defendant, William Gerber, offering to allow the defendants to remain in the premises after the expiration of their lease at an increase rental of $160.00 to commence *September* 1, 1963. The defendants advised the plaintiff that they did not intend to remain after the expiration of their lease. Subsequently, but prior to *September* 1, 1963, the defendant advised the plaintiff that he would not vacate the premises on the day of the termination of the lease. In response the plaintiff advised the defendant that it had leased the apartment for a two-year period commencing *September* 1, 1963 at a monthly rental of $175.00.

On *August* 28, 1963 the plaintiff commenced summary process proceedings against the defendant in the Municipal Court of Brookline. The cause was heard on the merits on *September* 12, 1963 and a finding was entered for the plaintiff for possession with execution not to issue before *November* 8, 1963. The defendants vacated the premises on *October* 1, 1963 and the new lessee took possession on *October* 15, 1963. In this action the plaintiff seeks to recover for use and occupation from *September* 1, 1963 to *October* 15, 1963 on the basis of a monthly rental

of $175., and for legal services in obtaining possession of the premises in the amount of $300.

■ The eviction proceedings commenced on August 28, 1963 were premature. The defendants were then in rightful occupation of the apartment under the terms of their lease.

■ That the parties in the proceedings joined issue in the Brookline Court and submitted to an adjudication by the court is not conclusive on the rights of the parties in this action.

■ In leasing the premises to another for a two-year term commencing September 1, 1963, the plaintiff conferred the right of possession on its new lessee and only this lessee had a right to bring a summary process action against the tenant who was holding over. G. L. c. 239, §1; *Marsters v. Cling,* 163 Mass. 477; *DeWolfe v. Roberts,* 229 Mass. 410; *Henchey v. Rathbun,* 224 Mass. 209. Even though the previous lessee held over, the plaintiff's right to rent was against his new lessee, whose liability was predicated on his covenant to pay rent under the lease. *Gaston v. Gordon,* 208 Mass. 265; *Imbeschied v. Lerner,* 241 Mass. 199; *McMillan v. Wickstrom,* 244 Mass. 159. If the defendant is obligated to anyone, it is to the lessee whose term commenced on *September* 1, 1963 and who suffered damage by reason of the defendant's holding over.

Under these circumstances the plaintiff had

no right to sue for reimbursement, and the court properly ruled that the many requests for rulings filed by the plaintiff, and dealing solely with the question of damages to which the plaintiff was entitled were immaterial.

*Report dismissed.*

Elliott I. Mishara, of Boston, for the Plaintiff.
Milton H. Raffel, of Boston, for the Defendant.