*Municipal Court of the
City of Boston*

## CUMMINS REAL ESTATE, INC., ET ALS.

### v.

## PEARL KLAYMAN, ET AL

Argued: April 7, 1972   Decided: May 15, 1972

*Present:* Adlow, C. J., Gillen, Hoag, J. J.

Case tried to *Glynn, J.*

**Hoag,** Sp. J.   This is an action of contract. The plaintiff, Cummins Real Estate, Inc., seeks recovery of rent paid in advance and damages for breach of the covenant for quiet enjoyment under a written lease of real estate executed by it and defendant Pearl Klayman.

*There was evidence that* the lease contained a covenant that the lessee "will use and occupy the demised premises solely for a real estate office"; that the defendant permitted the plaintiff to enter upon the premises, make renovations and incur other expenses in prepar-

ation for occupancy; that the plaintiff relied upon the lease without making investigations as to zoning ordinances and paid rent in advance; that the defendant knew that the intended occupancy was prohibited by the zoning ordinance but failed to communicate this knowledge to the plaintiff; that on the first day of the term the plaintiff was informed by a Boston building inspector that the intended occupancy was in violation of the zoning ordinance; that the plaintiff vacated the premises and moved its equipment and furniture to other quarters.

The court made the following findings of facts:

"I find that Pearl Klayman and her husband had full knowledge of this transaction when Mr. Klayman negotiated the lease and Pearl Klayman executed the lease as owner. I rule that this restriction, existing prior to the execution of the lease, prevented the quiet and peaceful enjoyment of the premises as guaranteed by the lease. I further find that in reliance on the agreement, the plaintiff corporation and its employees and officers expended money and time in improving the condition of the demised premises for occupancy.

"I find that this breach of the quiet enjoyment of the demised premises was a substantial breach and the plaintiff, Cummins Realty, Inc., was damaged to the extent of payment in advance of two months rent plus damages for expenditure of time and money in cleaning

and painting and preparing the premises for occupancy as a real estate office.''

The requests made by the defendant for rulings which are in issue are as follows:

"*1.* Upon all of the evidence, a finding for the plaintiffs is not warranted.

*7.* The terms of a transaction in which the parties signed a written lease which is not ambiguous, is to be determined judicially from the intention of the parties as revealed by the written instrument, that being the final and integrated expression of their intentions.

*8.* In an action of tort for fraud or deceit material misrepresentations are admissible in demonstrating inducement, however, where the only counts are in contract, the same would be merged into the written instrument and would not be admissible without the demonstration of mutual mistake.

*9.* Where the court has a written instrument before it, which is clear and not ambiguous of mutual mistake, the court may not go behind the contract and rewrite the same for one party but must find on the instrument itself.

The court granted request #1 as to individual plaintiffs and denied it as to corporate plaintiff; the court ruled as to requests #7 and #9, ''Granted, but see findings''; the court ruled as to request #8, ''Granted, but see findings. I find no material mistake.''

The court found for the plaintiff Cummins

Real Estate, Inc., against Pearl Klayman in the amount of $2,000. Some five months thereafter, the defendant filed a motion to correct finding, requesting reduction of the damages to $700 "because of the inconsistency in a finding of damages sounding in tort in an action brought in contract." The motion was denied after hearing.

On the denial of her request #1 and of her motion to correct finding as inconsistent with the findings of fact and rulings of law, the defendant brings this report.

The other parties having been eliminated from consideration on this report only Cummins Real Estate, Inc. will be referred to as plaintiff, and Pearl Klayman as defendant.

There is no contention that the lease was not full and complete on its face. Overtly at least the defendant offered it with the intention of it being accepted as a valid and legal lease. It is contended that where the records were available to the plaintiff, it should have made an investigation.

Whether it is reasonable for the plaintiff to rely upon the representation in the lease given by the owner of the property is a question of fact to be determined by the court. *Sheffer* v. *Rudnick*, 291 Mass. 205.

There is certainly an implied undertaking on the part of the lessor that the lease is intended to be beneficial, and so far as the lessor is concerned she will not do any act to interrupt

the free and peaceable enjoyment of it. *Dexter v. Manley,* 4 Cush. 14, *Burofsky* v. *Turner,* 274 Mass. 574.

The plaintiff could have reasonably relied upon the representations in the lease and the actions of the defendant. As was said in *Forbes* v. *Thorpe,* 200 Mass. 570, ''It is no ground for refusing persons relief from fraud practiced on them by another that it would have been possible for them by constant and suspicious watching to discover that they have been defrauded. It is enough that they acted reasonably in relying upon the representations to them.''

On the evidence, the court could properly find that the plaintiff was justified in relying on the truth of the representation, although it might have ascertained the falsity had it made an investigation. Restatement: Torts §540. *Rollins* v. *Quimby,* 200 Mass. 162. *York* v. *Taylor,* 332 Mass. 386. *Kannavos* v. *Annino,* 356 Mass. 42.

The fact that the defendant knew of the illegality of the lease is sufficient grounds for recission by the plaintiff, *Hollaway* v. *Forsyth,* 226 Mass. 358. *Garvey* v. *McNulty,* 270 Mass. 260, and the failure of the defendant to put the lessee in lawful possession was a breach of quiet enjoyment. *Riley* v. *Haley,* 158 Mass. 240.

The defendant urges that the damages should be limited to the amount of the rent in an action of contract. Such a rule would fall far short of compensating the plaintiff for the

damages resulting from the defendant's wrongful actions.

In the language of *Neal* v. *Jefferson*, 212 Mass. 517, "the plaintiff has been prevented from making that use of the property which it was contemplated that he should make, and he is entitled to damages which thus has been caused to him."

The rule is stated to be: "upon any breach of contract, whether of warranty or otherwise, the defendant is liable for whatever damages follow as a natural consequence and the proximate result of his conduct, or which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made as a probable result of a breach of it." *Leavitt* v. *Fiberloid Co.*, 196 Mass. 440.

This rule was followed in *Greany* v. *McCormick*, 273 Mass. 250. The court in that case awarded damages for expenses of repairs and alterations made in prospect of occupancy by a tenant.

The inclusion of damages for the expenditures of time and money in cleaning and painting and preparing the premises for occupancy as a real estate office as contemplated by the parties when the contract was made was warranted.

We do not find that the finding for the plaintiff or the denial of the defendant's request for ruling #1 and of her motion to correct

finding are inconsistent with the findings of fact and rulings of law.

**Report dismissed.**

GLADYS SHAPIRO of Boston for the Plaintiff cited:

As to Lessee's right to "quiet and peaceful" enjoyment: *Burofsky* v. *Turner*, 274 Mass. 574, 581. *Dexter* v. *Manley*, 4 Cush. 14. As to Lessor's misrepresentation: *Goldman* v. *108 Longwood Ave.*, 335 Mass. 465. As to illegal use of lease premises: *Sherman* v. *Wilder*, 106 Mass. 537 (Lessor had knowledge). 32 Am. Jur. §38. She also cited, as to invalidity of lease because of its limitation to illegal use: *Robinson Carpet Co.* v. *Fletcher*, 315 Mass. 350. *Doe* v. *Boston*, 262 Mass. 458. *Winchester* v. *O'Brien*, 226 Mass. 33. *Shelton* v. *Codman*, 3 Cush. 318, 320. Hall on Landlord & Tenant, 3rd ed. ¶55.

ZAHAROFF & KAUNFER of Boston for the Defendant cited:

As to Lessee's liability for rent where he requires a license or permission from public authority to do the type of business stipulated in the lease: *Imbeschied* v. *Lerner*, 241 Mass. 199 (Sale of intoxicating liquor). *Robbins* v. *McCabe*, 239 Mass. 275 (Liquor business). *Gaston* v. *Gordon*, 208 Mass. 265 (Liquor business). As to "quiet and peaceful" enjoyment of leased premises: *Lumiansky* v. *Tessier*, 213 Mass. 182. *Taylor* v. *Finnegan*, 189 Mass. 568. *Interna-*

*tional Tr. Co.* v. *Schumann*, 158 Mass. 287. As to *caveat emptor*: *Gade* v. *Nat. Creamery Co.*, 324 Mass. 515. *Fifty Associates* v. *Berger Dry Goods Co.*, 275 Mass. 509. *Hopkins* v. *Murphy*, 233 Mass. 476.