MOSES SHEDLINSKY, Respondent, *v.* THE BUDWEISER BREWING COMPANY, Limited, Appellant.

LANDLORD AND TENANT — WHEN LEASE IS VALID, ALTHOUGH SPECIFIED USE OF PREMISES MIGHT BECOME UNLAWFUL. A lease, valid upon its face, is not to be condemned as unlawful, and, therefore, an unenforceable instrument, because the purpose for which the demised premises are to be used might, under certain circumstances, be within the prohibition of a statute: when the operation of the prohibition depends upon the proof and that is inconclusive upon the subject, the obligation of the parties remains unaffected.

*Shedlinsky* v. *Budweiser Brewing Co.*, 17 App. Div. 470, affirmed.

(Argued May 11, 1900; decided June 12, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 24, 1897, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

Plaintiff leased to defendant for the term of three years certain premises in the city of New York, with the latter's covenant to use the same only for a liquor saloon. The action was brought to recover for certain installments of rent under the lease. The defense was that the demised premises were within 200 feet of a grammar school and, therefore, that the lease was in violation of the Liquor Tax Law of 1896. That fact was conceded. Evidence to show that a license to sell liquor upon the premises was refused, upon the ground that the premises were within 200 feet of a grammar school, was excluded as immaterial and a verdict was directed for the plaintiff. The judgment entered upon the verdict was affirmed at the Appellate Division, upon the ground that it did not appear that a license could not have been obtained within the statute; which, while prohibiting the granting of a new license under the circumstances, nevertheless, would permit of the transfer of a license from premises within the limits to other premises within the limits, but at a greater distance from the grammar school. The defendant appeals to this court.

*Francis E. Dana* for appellant. A contract of leasing made for an illegal purpose is void and no action will lie upon or to enforce a contract made to violate a statute. (*McClanathan* v. *Friedel*, 85 Hun, 175 ; *West* v. *Wright*, 86 Hun, 436 ; *Burger* v. *Koelsch*, 77 Hun, 44 ; *Seneca Co. Bank* v. *Lamb*, 26 Barb. 595 ; *Tracy* v. *Talmage*, 14 N. Y. 179 ; *Peck* v. *Burr*, 10 N. Y. 294 ; *Saratoga Co. Bank* v. *King*, 44 N. Y. 89 ; *Arnot* v. *P. & E. C. Co.*, 68 N. Y. 558 ; *Materne* v. *Horwitz*, 101 N. Y. 469 ; *Smith* v. *City of Albany*, 61 N. Y. 444.) Traffic in liquor could not lawfully be carried on in the demised premises when this lease was made, March 25, 1895, nor at the time it was to take effect, May 1, 1895, and the proposed traffic was illegal under the act of 1892 as amended by chapter 480 of the Laws of 1893. (*People ex rel.* v. *Murray*, 5 App. Div. 66 ; *People ex rel.* v. *Murray*, 5 App. Div. 441 ; *Vil. of Gloversville* v. *Howell*, 70 N. Y. 287.) The contention that the board of excise may in its discretion grant permission to transfer a license from premises within the limits mentioned, but at a greater distance from the principal entrance of the school, and that it does not appear that a license could not have been obtained for these premises in that manner, is untenable. (*People ex rel.* v. *Murray*, 148 N. Y. 171 ; *Matter of Place*, 27 App. Div. 561 ; *Kerley* v. *Meyer*, 64 N. Y. S. R. 640 ; *Hobart* v. *Hobart*, 62 N. Y. 80 ; *Wallace* v. *Straus*, 113 N. Y. 241.)

*A. Stern* for respondent. The evident intent of the parties was that the premises should be used for saloon purposes, provided a license could be obtained ; otherwise they might be used for any other legitimate business. (L. 1896, ch. 112, § 24, subd. 2 ; § 31, subd. 2 ; *Lorrillard* v. *Clyde*, 86 N. Y. 384 ; *Cohen* v. *B. & J. E. Co.*, 9 App. Div. 425 ; *Halpin* v. *Ins. Co. of N. A.*, 120 N. Y. 73 ; *Robertson* v. *O. E. Co.*, 146 N. Y. 20.) The argument made by the defendant that the judgment cannot be sustained upon the grounds mentioned in the opinion of the Appellate Division is untenable. (*Murray* v. *Harway*, 56 N. Y. 337 ; *Chautauqua Assembly* v. *Alling*, 46 Hun, 582.)

There was no failure of consideration, and defendant was not deprived of the beneficial use of the premises by reason of the restrictive clause. (*Kerley* v. *Mayer*, 10 Misc. Rep. 718.)

. GRAY, J.   I think the judgment is right.   It is a generally accepted rule that when a contract is to do a thing, which cannot be performed without the violation of the law, it is void ; but when it may be performed lawfully, as well as in violation of the law, it is valid; in the absence, at least, of proof that the intention of both parties was that the law should be violated.   The construction of a contract should be, when it is possible, in favor of its legality. (Co. Litt. 42, 183 ; *Shore* v. *Wilson*, 9 Clark & Fin. at p. 397 ; *Lorillard* v. *Clyde*, 86 N. Y. 384.)

A lease, valid, as this was, upon its face, is not to be condemned as unlawful and, therefore, an unenforceable instrument, because the purpose for which the demised premises were to be used might, under certain circumstances, be within the prohibition of a statute.   When the operation of the prohibition depends upon the proof and that is inconclusive upon the subject, then the obligation of the parties remains unaffected.

The presumption of a lawful intention must always prevail and the burden of overthrowing it is not met by him who asserts it by proof, which is quite consistent with a perfectly lawful purpose, however demonstrating that, if effectuated in a certain way, it would contravene the law.   Here, as suggested below, it was not shown, and the evidence did not tend to show, that the lessor intended that the statute should be violated ; or that no license ever could, possibly, be obtained by the lessee.

Nor did the evidence tend to show knowledge in the lessor that the lessee could not perform without violating the law.

The judgment should be affirmed, with costs.

MARTIN, VANN, CULLEN and WERNER, JJ., concur; BARTLETT, J., concurs in result; PARKER, Ch. J., not sitting.

Judgment affirmed.