Rajner J. Raner, Respondent, *v.* Isaac Goldberg, Appellant.

**Landlord and tenant — lease — contract — absolute promise to pay — contingency destroying value of consideration no excuse for failure to pay where it may be inferred condition would have been inserted in contract had parties so intended — lease of premises for use requiring license from public official — absolute promise to pay rent — lessee may not recover amount paid on ground license has been refused.**

1. A person who makes an absolute promise to pay may not be excused from performance because of the happening of a contingency which destroys the value of the stipulated consideration for such payment, where inference is reasonable that an express condition so providing would have been inserted in the contract had the parties so intended. Where the promisor has knowingly chosen to make an absolute promise, he may not afterwards claim relief because subsequent events show that the choice was ill-advised.

2. Where the parties to a lease of premises to be used as a dance hall understood that a license must be obtained before they could be so used and that grant of such license rested in the discretion of a public officer, but the lessee, nevertheless, made unconditional promise to pay rent, he may not maintain an action to recover sums paid as a deposit and as rent, on the ground that a license had been refused and he was thereby precluded from using the premises lawfully for the purpose for which they were leased. A condition may not be implied which the parties chose not to insert in their contract nor may it be held that anticipated grant of a license constituted the foundation of the contract when both parties knew that the grant of a license depended upon the discretion of a public officer. (*Heine* v. *Meyer*, 61 N. Y. 171, distinguished.)

*Raner* v. *Goldberg*, 215 App. Div. 355, reversed.

(Submitted January 25, 1927; decided February 23, 1927.)

Cross-appeals from a judgment, entered January 28, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict

directed by the court, a jury having been waived, and directing judgment in favor of plaintiff.

*Jacob L. Holtzmann* and *Jacob Krisel* for appellant. The mere fact that it became unlawful for plaintiff to conduct a dance hall did not excuse his performance of the lease. (*Paradine* v. *Jane*, Aleyn, 26; *Adler* v. *Miles*, 69 Misc. Rep. 601; *City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *Lodes* v. *Department of Health*, 189 N. Y. 187; *New York State Investing Co.* v. *Brady*, 214 App. Div. 592; *Shedlinsky* v. *Budweiser Brewing Co.*, 17 App. Div. 470; 163 N. Y. 437; *Kerley* v. *Mayer*, 10 Misc. Rep. 718; 155 N. Y. 636; *Baylies* v. *Fettyplace*, 7 Mass. 325; *Gaston* v. *Gordon*, 208 Mass. 265; *Taylor* v. *Finnegan*, 189 Mass. 568; *Teller* v. *Boyle*, 132 Penn. St. 56; *Miller* v. *Maguire*, 18 R. I. 770; *Standard Brewing Co.* v. *Weil*, 129 Md. 487.) The purpose for which the property was leased having become unlawful, the subject-matter of the lease was destroyed and the lease became void, and the plaintiff was entitled to have his deposit and his rent returned. (*Heine* v. *Meyer*, 61 N. Y. 171; *Weil* v. *Abrahams*, 53 App. Div. 313; *Kaiser* v. *Zeigler*, 115 Misc. Rep. 282; *Doherty* v. *Eckstein Brewing Co.*, 115 Misc. Rep. 175; *New Chester Theatre Corp.* v. *Bischoff*, 210 App. Div. 125.)

LEHMAN, J. In January, 1922, the parties entered into an agreement whereby the defendant leased to the plaintiff certain premises " to be used and occupied as an office and for dancing purposes and for the sale of all kinds of soft drinks and for sale of cigars, cigarettes, and ice-cream." The parties undoubtedly intended that the premises were to be used as a public dance hall, and that all other use was merely incidental thereto. When the parties made the lease they understood that the premises could not be used lawfully as a dance hall unless a license for such use was obtained. The landlord was required under the terms of the lease to make certain alterations

which were intended to make the premises suitable for such use. When the alterations were complete the plaintiff applied for a license to conduct a dance hall on the premises. The license was refused. The reason for such refusal does not clearly appear, but perhaps it may be inferred that the license was refused because the premises were not far from a church, and members of the church and others opposed grant of a license for any building in that neighborhood. Because refusal to grant a license precluded the plaintiff from using the premises lawfully for the purpose for which the lease was made, the plaintiff brought this action to recover the sum of $3,000 paid as a deposit under the terms of the lease and $500 paid as rent for the first month. He claimed also reimbursement for certain expenses incurred in preparation for occupancy under the lease, but this claim was not pressed. At the close of the case both sides moved for the direction of a verdict. The trial justice granted the motion of the defendant. The Appellate Division has reversed the judgment as matter of law and has directed judgment in favor of the plaintiff for the return of the deposit and the rent for the first month.

"There is obviously no impossibility or illegality in paying the rent, and the landlord by making the lease has conveyed to the tenant the estate for which rent was promised." (Williston on Contracts, section 1955.) The parties in making the contract of lease did not intend that the premises should be used for an illegal purpose. They intended that the demised premises should be used as a dance hall only when the lessee had obtained a license. A contract so made is not unlawful. (*Shedlinsky* v. *Budweiser Brewing Co.*, 163 N. Y. 437.) Use of the premises in the manner contemplated by the lease is unlawful only because the contingency that the license might not be granted has arisen.

We assume for the purpose of this appeal that where parties enter into a lease exclusively for a use which is not

illegal when the contract is made but such use becomes illegal by change of law, the lease is thereby terminated. We do not pass upon or decide such question. Courts of other jurisdictions have differed in regard to it. In such case it may perhaps be said that the value of the lease is destroyed by circumstance not within the contemplation of the parties when the lease was made, or even that a lease of premises to be used in a business subject to public regulation is impliedly subject to a condition that change of regulation shall not make the contemplated use illegal. Here even if we construe the provisions of the lease to mean that the lessee may not use the premises except for a dance hall, the value of the lease is destroyed not by a change of law or other circumstance arising after the making of the lease, and outside of the contemplation of the parties, but by failure of the lessee to secure a license which the parties understood must be obtained before the premises could be used for the intended purpose. Doubtless the lessee expected that a license would not be refused; probably the lessor shared that expectation. The question remains whether the obligation into which the lessee entered is conditioned upon the realization of that expectation.

It is clear that a person who makes an absolute promise to pay may not be excused from performance because of the happening of a contingency which destroys the value of the stipulated consideration for such payment where inference is reasonable that an express condition so providing would have been inserted in the contract had the parties so intended. Where the promisor has knowingly chosen to make an absolute promise, he may not afterwards claim relief because subsequent events show that the choice was ill-advised. " The test seems to be whether the event * * * was or might have been guarded against." Where expectation is so unquestioned that it becomes a definite anticipation accepted by both parties as " the foundation of the contract " it may be

said that there has been no choice between absolute and conditional promise; and that neither party could reasonably be expected to guard against an event which was excluded from the anticipations of both parties. (*Krell* v. *Henry*, 1903, 2 King's Bench, 740.) In such cases a promisor has sometimes been relieved of his promise where the event belied the anticipation and destroyed the foundation of the contract.

Here the parties understood that a license must be granted before the premises could be used as a dance hall. Grant of such license rested in the discretion of a public officer. Expectation that he would exercise that discretion in favor of the applicant by no means excluded possibility of contrary decision. Many factors might enter into such decision by the public officer. The lessee might have refused to pay rent except on condition that the license would be granted. The lessor might have refused to make a contract to lease including in its terms provision for making repairs and alterations if the lessee had annexed a condition to his promise to pay rent. The lessee chose to make unconditional promise. The lessor's promise was made in return. We may not now imply a condition which the parties chose not to insert in their contract, nor hold that anticipated grant of a license constituted the foundation of the contract, when both parties knew that the grant of a license depended on the discretion of a public officer. Though the question has not been directly passed upon heretofore by our court, in other jurisdictions the courts have reached similar conclusion. (See *Teller* v. *Boyle*, 132 Penn. St. 56; *Gaston* v. *Gordon*, 208 Mass. 265; *Burgett* v. *Loeb*, 43 Ind. App. 657.)

No decision is this State relied on by the tenant casts doubt upon this conclusion. In *Heine* v. *Meyer* (61 N. Y. 171) completion of stipulated work on a wall was rendered impossible by an order of the public authorities not due to any fault on the part of the plaintiff. In the other cases cited, the contracts provided for a use of premises

which provisions of law then existing or thereafter enacted made unlawful under all possible circumstances. Such cases have no application, even if we assume that all were correctly decided, to a case where the contract provides for a use which the parties understood when they made the contract would be lawful only if a public officer exercised legal discretion in favor of such use.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division to the defendant.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.