H. B. SHONTZ COMPANY, Plaintiff, *v.* RICHARD B. LAFFAY, Defendant.

Supreme Court, New York County, April 3, 1928.

Landlord and tenant — lease — action for rent under lease restricting use of building to business of automobile painting and automobile body building — lease provided that tenant would comply with rules and regulations of fire and police departments of city of New York — defendant vacated premises on being directed to discontinue maintenance of motor repair shop — use for which premises were leased was lawful under Building Zone Resolution — defendant was not justified in terminating lease when ordered to discontinue illegal use of premises.

This is an action for rent under a lease which after restricting the tenant to the use and occupancy of the premises for the business of automobile painting and automobile body building, provided that the tenant would comply with all the regulations of the fire and police departments of the city of New York affecting the premises.   After an inspection, defendant was ordered to discontinue the maintenance of a motor vehicle repair shop, and he vacated the premises.

Since no provision of the Building Zone Resolution prohibits the use of a building for automobile body building or automobile painting in a business district, the

use for which the premises were leased was lawful and consequently defendant was not justified in terminating the lease when ordered to discontinue the illegal use of the premises; defendant used the premises for a purpose not specified in the lease and in violation of the Building Zone Resolution prohibiting the operation of a motor vehicle repair shop.

The term " automobile body building " comprehends the building of new automobile bodies and the term " automobile painting " as used in the lease would apply to the painting of such manufactured bodies.

ACTION for rent.

*Alger & Coughlin* [*H. K. Grafton* of counsel], for the plaintiff.

*J. M. Luttrell* [*E. Hunt* of counsel], for the defendant.

PETERS, J.   By written lease dated February 3, 1921, plaintiff leased to defendant the third floor of a building for a term of two years and seven months to commence on March 1, 1921.   The lease contained the following provisions: " The tenant will not * * * use or occupy all or any part thereof for any business or occupation other than that of *automobile* * * * *painting and automobile body building.*   The tenant will comply promptly with all the rules, orders, recommendations, ordinances and requirements * * * of the * * * Municipal authorities and Police and Fire Departments of the City of New York * * * affecting the premises."

Defendant entered into possession and conducted his business for some time thereafter.   Following an inspection by an official of the fire department an order was issued by that department to defendant to " discontinue the maintenance of a motor vehicle repair shop " on the premises.   This order was subsequently followed by the service of two similar orders by the same department upon defendant, the latter of which was dated September 12, 1922.   Ten days thereafter defendant vacated the premises.

By the terms of the lease defendant agreed to confine his use and occupancy of the premises to the business of automobile painting and automobile body building.   From the evidence submitted the business carried on by plaintiff was the repainting of automobiles and the making of repairs to damaged parts of automobile bodies where it was necessary at times to replace them with new parts.   There is no evidence that the premises in question were used for any other purpose than that of repair work.

The Building Zone Resolutions provided: " § 4 — Business districts.   (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses: (29) Repair shop for motor vehicles."

Nowhere in this section is the use of a building for the purpose of automobile painting or automobile body building prohibited in a business district. There is no question but that "automobile body building" comprehends the building of new automobile bodies; in other words, manufacturing such bodies, and the term "automobile painting" could apply to the painting of such manufactured bodies. The use for which the premises were leased was, therefore, a lawful one.

Under article 2, section 4, subdivision C, of the Building Zone Law, manufacturing could be carried on in a business district, "provided not more than 25 per cent of the total floor space of the building is so used, but space equal to the area of the lot may be so used in any case, although in excess of said 25 per cent."

The leased premises consisted of one floor of a building which had five usable floors and the evidence is that no manufacturing was carried on in the building. The lease was, therefore, legal, but the defendant used the premises for a repair shop for motor vehicles in violation of the law and not for a purpose specified in the lease.

In the case of *Shedlinsky* v. *Budweiser Brewing Co.* (163 N. Y. 437) the court said: "It is a generally accepted rule that when a contract is to do a thing, which cannot be performed without the violation of the law, it is void; but when it may be performed lawfully, as well as in violation of the law, it is valid; in the absence, at least, of proof that the intention of both parties was that the law should be violated. The construction of a contract should be, when it is possible, in favor of its legality. (Co. Litt. 42, 183; * * * *Lorillard* v. *Clyde*, 86 N. Y. 384.)"

There is no evidence in the case at bar to show that it was the intention of both parties that the premises should be leased or used for a purpose in violation of the law. The lease having been legal, defendant was not justified in terminating it when ordered by the fire department to discontinue its illegal use of the leased premises.

A verdict is accordingly directed in favor of the plaintiff for the sum of $5,524.93 and dismissing the counterclaim of defendant, with an exception to defendant.