**Stephen P. Kazwell, Appellant, v. Samuel J. Reynolds, Appellee.**

**Gen. No. 32,657.**

Opinion
filed October 3, 1928.   Rehearing denied October 16, 1928.

CATTELL & WALDRON, for appellant.

COCHRANE & GEORGE, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from an order of the circuit court sustaining a demurrer to the amended bill of complaint and dismissing said bill for want of equity.

The amended bill charges that Stephen· P. Kazwell, complainant, and Samuel J. Reynolds, defendant, entered into a written contract on or about May 21, 1926, for the purchase and sale of a 10-acre tract of land located in the village of Palos Park; charges that the complainant stated to the defendant on several occasions that he intended to use the real estate as a sandwich shop or restaurant and to install on said premises a gasoline station. Charges further that the defendant stated that there were no restrictions on said premises except those appearing of record in the recorder's office of Cook county; charges that one Cochrane, a lawyer representing the defendant, referred to the abstract of title in the presence of plaintiff and read therefrom the restrictions which appeared of record and assured the buyer that there were no other restrictions as to the use of said property. Charges that after the payment of $1,000 earnest money, the buyer caused a survey of said real estate to be made and

learned for the first time that the premises were restricted, in that they were subject to a certain zoning ordinance of the village of Palos Park, a copy of which ordinance was attached to said bill; charges that neither the plaintiff nor the defendant knew of the existence of such zoning ordinance until after the earnest money was paid and the contract had been signed; charges further that the value of the premises, subject to the zoning ordinance, was considerably less than the amount of the purchase price; charges that the contract was entered into by reason of a mutual mistake of fact and that the defendant now refuses to enter into a new contract based on a new consideration.

Prays that the said contract be declared null and void and that the defendant be ordered to return the earnest money, together with interest thereon.

From the allegations of the amended bill it appears that there was no fraud nor circumvention practiced by the defendant in the sale of said property, but, on the other hand, it is positively averred that both parties were ignorant of the Zoning Law in force in Palos Park where the premises were located. The rule of *caveat emptor* applies to a sale of real estate as well as a sale of personalty.

The Zoning Act, Cahill's St. ch. 24, ¶ 521 *et seq.,* of this State became effective July 1, 1921, and by its enactment it conferred powers on cities and villages in the State to regulate and limit the height and bulk of buildings thereafter erected, and to regulate and limit the intensity of lot areas and to regulate and restrict the location of trades and industries and to specify certain districts for residential purposes, etc.

The village of Palos Park, acting under and by virtue thereof, appears from the bill of complaint to have passed such an ordinance and to have included within the area designated by the ordinance as residential district, the property involved in this proceeding.

The only question before us on this appeal appears to be whether or not ignorance of such an ordinance is a mistake of fact or a mistake of law; or, whether it is neither a mistake of fact nor a mistake of law.

As a general rule it is a well-known maxim that ignorance of law will not furnish an excuse for any person either for a breach or for an omission of duty: *Ignorantia legis neminem excusat.* And this is as well established in equity as in law. Equity recognizes certain exceptions such as a fiduciary relationship, but the case at bar comes within none of these exceptions. Story's Equity Jurisprudence, vol. 1, § 173.

If individuals were permitted to void solemn obligations because of ignorance of existing laws in force at the time of the execution of said instrument, then such existing laws would become useless and of no value. Story's Equity Jurisprudence (14th Ed.), vol. 1, § 173.

The ordinance in question was a matter of record in the village where the property was located and was easily ascertainable by both plaintiff and defendant. If, as alleged in the bill of complaint, neither party knew of that fact, then it becomes the duty of the purchaser to have advised himself as to whether or not such an ordinance was in existence. The existence of a law in a State is a matter concerning which everyone is supposed to have knowledge. The only instance where a law may become a question of fact is where it is a foreign law and has to be proven. In such cases the law may recognize a mistake of fact where a person is misled by a foreign law in existence at the time of the execution of the instrument. The rule is well stated in Story's Equity Jurisprudence (14 Ed.), vol. 1, ¶ 221, where it is stated:

"A like principle applies to cases where the means of information are open to both parties, and where each is presumed to exercise his own skill, diligence,

and judgment in regard to all extrinsic circumstances. In such cases equity will not relieve."

The Zoning Act of this State was in full force and effect on the statute books of Illinois and the zoning ordinance of the village of Palos Park appears to have been duly passed and became an existing ordinance of the village where the property was located. The fact as to whether there was a Zoning Law in force where the property was located was easily ascertainable and equally open and accessible to both parties, and, under the rule, courts of equity will not relieve in order to make a new contract for the parties.

Ignorance of the law is defined to be the want of knowledge or acquaintance with the laws of the land in so far as they apply to the act, relation, duty, or matter under consideration.

Under the facts as charged in the bill of complaint and as we have the facts on this appeal, the situation is not one of mistake of law or fact, but comes within the rule, *ignorantia legis neminem excusat*.

For the reasons stated in this opinion the decree of the circuit court is affirmed.

*Affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.