SPIROS G. ECONOMY, Respondent, v. S. B. & L. BUILDING CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, November 10, 1930.

*Harold Pomerantz*, for the appellant.

*Goldfarb & Fleece* [*Charles L. Fleece* of counsel], for the respondent.

LYDON, J. The action is to recover the sum of $300 paid by plaintiff to defendant as the agreed rent of certain premises for the month of January, 1930. Defendant not only disputes plaintiff's right to recover, but counterclaims for a like sum claimed to be due as rent for the following month. Plaintiff has been awarded the recovery demanded, the counterclaim has been dismissed and defendant appeals.

The parties entered into a written lease of the premises for the term of nine years and two months at a rental commencing at $3,600 per year and gradually increasing to $4,600 per year. The demised premises consisted of part of the second floor of the

building. In the lease it was stipulated that these premises were to be used and occupied as a restaurant and cabaret and for no other purpose. When the lease was signed $300 was paid as the rent for the first month. Plaintiff then applied to the department of licenses for a license to conduct a cabaret and the license was refused. Plaintiff refused to make further payment of rent and demanded the return of what he had already paid.

Proof of the ground of refusal of the license was excluded, but it is conceded that the building, of which the demised premises were a part, was not a fireproof building. And it is shown that under the provisions of the Building Code (§§ 70, 72) the premises could not lawfully be used for the purpose intended because the building was not fireproof.

The landlord contends that the case is governed by *Raner* v. *Goldberg* (244 N. Y. 438) and that in the absence of a covenant on its part that the premises might lawfully be used for the specified purpose it is not responsible for the failure to obtain a license and that there is no defense to its claim to the stipulated rent. But the case cited was quite different from this. There, as here, the parties knew that the right to use the premises for the purpose contemplated depended upon the procurement of a license, but in that case the granting or withholding of the license rested in the discretion of the licensing official. If the tenant chose to take a lease without conditions under such circumstances, and so to bind himself absolutely for the payment of rent, the court could not relieve him from his contract. In the present case the right to a license did not depend on the exercise of discretion. The ordinance absolutely forbade the use of the premises for the single purpose to which their use was expressly restricted. The licensing officer had no power to dispense with the statutory prohibition. Use of the premises for the purpose specified in the lease would have been unlawful, with or without a license, and their use for any other purpose was forbidden by the lease. The contract, therefore, was incapable of lawful performance when it was made, although it is not to be supposed that any illegality was contemplated by the parties to it. (*Municipal M. B. Mfg. Corp.* v. *Dobbs*, 253 N. Y. 313, 318.) It is a case where the parties, in good faith, made an agreement under which plaintiff has paid moneys and promised to make further payments over a long period, and where the consideration for both the payment and the promise has failed.

Judgment affirmed, with twenty-five dollars costs.

All concur; present, LYDON, LEVY and CALLAHAN, JJ.