UNITED SOCIETIES COMMITTEE, by RALPH POLCINI, Its Treasurer, Plaintiff, *v.* MADISON SQUARE GARDEN CORPORATION, Defendant.

Supreme Court, Special Term, New York County, January 22, 1946.

*Abraham B. Albert* for plaintiff.

*Benjamin C. Milner, III,* for defendant.

PECORA, J. Plaintiff moves for summary judgment and defendant makes a cross motion for the same relief. Both parties are correct in urging that there are no triable issues of fact in this case. Plaintiff contends that it was prevented from holding its concert by the intervention of a governmental agency over which it had no control, an eventuality which was not anticipated by the parties at the time of making the lease. In other words, the position of plaintiff is based upon an assertion of frustration of the purposes of the lease which terminated plaintiff's obligations thereunder and entitled it to recover the rental theretofore paid. The lease here was for the use of Madison Square Garden on May 11, 1941, for a benefit concert for the Italian Relief Fund. The rental was paid in advance. About one day before the scheduled date for the concert, defendant was notified the concert would not be held. Inability to hold the concert arose from notification by the State Department to the Federation of Italian World War Veterans in the U. S. A., Inc., (for whom plaintiff was acting), that its regis-

tration with the Department of State had been revoked. The reason given for revocation was that investigation had disclosed that certain statements, made in the application for a license pursuant to subdivision (b) of section 8 of the Neutrality Act of 1939 (U. S. Code, tit. 22, § 448, subd. [b]), to the effect the Italian organizations named in the application as distributing agencies were independent of the Italian Government were untrue, and that such agencies were in fact arms of the belligerent Fascist government. The federation, having been informed that it had no legal authority to engage in the solicitation and collection of contributions to be used for relief in belligerent countries, in turn requested plaintiff to cancel its benefit concert scheduled for May 11, 1941. Notification of cancellation to defendant clearly did not give it any time to rerent the Garden for any other event. Apart from any other contentions of the defendant which may have merit, I hold that defendant is entitled to summary judgment because the action of the State Department was a contingency with respect to which the parties would have stipulated in the lease had they so intended, and the revocation of the license to solicit funds was directly caused by the actions of plaintiff or its principal, the Federation. At the time the lease was entered into it was known that the right to solicit funds for distribution in Italy was dependent upon a governmental license. Plaintiff could have protected itself in the lease against the foreseeable possibility of the revocation of that license. (See *Raner* v. *Goldberg*, 244 N. Y. 438.) Moreover, the supervening impossibility of performance was occasioned by plaintiff or its principal in that the State Department revoked the license because of misstatements in the application. Plaintiff cannot rest any claim of frustration upon a condition which it was responsible in creating. It is only when governmental intervention over which none of the parties has control, or for which none was responsible, that impossibility of performance constitutes legal frustration. That is not the case here. Defendant's motion for summary judgment must therefore be granted, and plaintiff's motion denied. Settle order.