**HUNGARIAN PEOPLE'S REPUBLIC,**
Plaintiff,

v.

**CECIL ASSOCIATES, Inc., Alice Simon, Max Hoffman and Marcus Katz,**
Defendants.

United States District Court,
S. D. New York.

Jan. 20, 1955.

See also D.C., 118 F.Supp. 954.

---

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

George Mandelbaum, New York City, for defendants.

DAWSON, District Judge.

This case presents the issue as to whether the Hungarian Government can recover from a landlord $9,000, which it deposited as security for the performance by it of a lease of a building in New York to be used by that government for consulate purposes, when the Hungarian Government terminated its occupancy of the building prior to the expiration of the lease, and failed to pay any further rent, as a result of a direction by the Department of State to the Hungarian Government to close its consulates in the United States.

The matter comes up on a motion by the plaintiff for summary judgment.

The plaintiff urges that it was excused from further performance of the lease and is entitled to the return of its deposit on the ground that the purpose for which the premises were rented were frustrated by the direction of the State Department. The defendants contend that the failure of the plaintiff to perform the terms of the lease resulted in damages to them, and that they are entitled to recoupment of the damages from the deposit.

The essential facts as to the lease and termination of possession by the Hungarian Government are not disputed. It appears that on May 29, 1951, plaintiff, the Government of Hungary, leased from the defendant, Cecil Associates, Inc., for a period of three years, commencing June 1, 1951, at an annual rental of $18,000, the premises known as 7 East 84th Street, Borough of Manhattan, City of New York, for consular purposes only. On June 1, 1951, the premises were conveyed to the individual defendants.

Plaintiff entered into possession of the premises and was in possession on the 28th day of December, 1951, when the United States Government acting through the Secretary of State, ordered the plaintiff to close its consular offices in New York City, and to cease all operations there by midnight of the 31st day of December, 1951. Pursuant to this directive, plaintiff closed its consular offices and vacated the leased premises on December 31, 1951.

Plaintiff thereupon notified the defendant Cecil Associates, Inc. of the vacating and the reason therefor. Thereafter, plaintiff made a demand for the return of the security deposited with the landlord, and said demand being refused, commenced this action on June 17, 1952.

Plaintiff contends that the action of the United States Government made the performance of its part of the lease not only impossible, but illegal, and that,

therefore, it was relieved from performing any of the duties or obligations incurred thereunder; that, therefore, it is entitled to receive its security.

Under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., summary judgment can be granted if the papers show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is not sufficient to say that the action taken by the State Department resulted in frustration of the lease and, therefore, as a matter of law, excused performance of the lease. There is an additional question of fact. This issue of fact is "whether the supervening event or circumstance was within the contemplation of the parties at the time of the execution of the lease and might have been anticipated and guarded against". 119 Fifth Avenue, Inc., v. Taiyo Trading Co., Inc., 1947, 190 Misc. 123, 73 N.Y.S.2d 774, 778, affirmed 275 App.Div. 695, 87 N.Y.S.2d 430.

In the foregoing case, the New York Court denied summary judgment in an action on a lease where the Alien Property Custodian acting under governmental authority padlocked the leased premises and took possession of its contents. The Court, in a learned discussion of law, pointed out that the doctrine of frustration is applicable only in the cases where the purpose of a contract is completely frustrated and rendered impossible of performance by a supervening event or circumstance which was not within the contemplation of the parties and which could not have been anticipated and guarded against. It stated that the issue as to whether the supervening event or circumstance was within the contemplation of the parties at the time of the execution of the lease and might have been anticipated and guarded against is an issue of fact.

█ This Court must apply New York law in determining whether plaintiff is entitled to recover. In New York, the law is clear that a party making an absolute promise to pay rent under a lease many not be excused because a con-

tingency happens which destroys the value of the consideration where an inference is reasonable that an express condition providing for such contingency would have been inserted in the lease had the parties intended so to provide. Raner v. Goldberg, 1927, 244 N.Y. 438, 155 N.E. 733.

█ The circumstance that the Government of Hungary was under Communist domination at the time of the execution of the lease; that diplomatic relations between the United States and Communist dominated countries have been strained for a number of years; that such strain upon diplomatic relations might result in a limitation or restriction upon diplomatic and consular representation of the Hungarian Government in the United States, are matters which conceivably could have been within the contemplation of the parties at the time of the lease and conceivably could have been anticipated and guarded against.

Under New York law, this issue is one of fact which cannot be determined upon a motion for summary judgment.

Motion for summary judgment denied. So ordered.