SACHS STEEL & SUPPLY COMPANY, a
Corporation, (Plaintiff) Appellant,

v.

ST. LOUIS AUTO PARTS & SALVAGE
COMPANY, a Corporation, et al.,
(Defendants) Respondents.

No. 29938.

St. Louis Court of Appeals.

Missouri.

March 17, 1959.

Motion for Rehearing or to Transfer to
Supreme Court Denied and Opinion
Modified April 13, 1959.
Second Motion for Rehearing or to
Transfer to Supreme Court
Denied April 30, 1959.

184

Harry Gershenson, St. Louis, George F. Heege, Clayton, for appellant.

Ackerman & Schiller, Paxton H. Ackerman, Clayton, for respondents.

HOUSER, Commissioner.

Suit by Sachs Steel & Supply Company (hereinafter "Sachs-lessor") against St. Louis Auto Parts & Salvage Company (hereinafter "Salvage-lessee") for rents reserved in a commercial lease. Salvage-lessee filed an answer praying that the cause be dismissed and filed a counterclaim for damages, both based upon the charge that Salvage-lessee was induced to enter into the lease by fraudulent concealment. At the close of its case Salvage-lessee dismissed its counterclaim without prejudice. The jury returned a verdict against plaintiff-Sachs-lessor and for defendant-Salvage-lessee on the issues joined by petition and answer. Sachs-lessor has appealed from the ensuing judgment.

The petition alleged the execution of a written lease dated October 1, 1955 reserving $210 per month rentals, demand and refusal to pay and contained a prayer for $3,990 for rent due to April 1, 1957.

The answer admitted the execution of the lease but set up as a defense that

Sachs-lessor, having superior knowledge that prevailing zoning ordinances restricted the use of part of the leased premises to residential purposes, fraudulently and deceitfully concealed that knowledge from Salvage-lessee, thereby causing and inducing Salvage-lessee to lease the premises in the belief that the entire premises could be used for business purposes; that upon learning of the existence of the zoning regulations and during the first month of the term, Salvage-lessee abandoned the lease.

In its counterclaim, based on fraudulent concealment, Salvage-lessee sought recovery of the excess of rentals paid for the use of other premises over the amount of the rentals reserved in the lease in suit.

The property in question is a tract of land located in the municipality of Pagedale in St. Louis County. Part of a larger 10-acre tract, the lot leased is bounded on the north by St. Charles Rock Road and on the west by Engelholm Avenue. A creek runs generally east and west on the south boundary. A creek runs north and south on the east boundary. The lot leased fronts 175 feet on St. Charles Rock Road and extends south for from 230 to 275 feet, depending upon the meanderings of the creek on the south boundary. From June 14, 1946 to the date of trial the property in question was subject to zoning regulations. Prior to the incorporation of Pagedale in 1950 St. Louis County Council zoning orders applied. After 1950 the property was subject to the zoning ordinances of Pagedale. Before 1954 a strip 100 feet wide south of St. Charles Rock Road was zoned for commercial use by city ordinance. Since the enactment of city Zoning Ordinance 142 in 1954 the commercial strip at that point has been widened to 200 feet. Accordingly, since 1954 the north 200 feet of the property in question has been zoned commercial and the south part of the property (varying in width from 30 to 75 feet) has been zoned residential.

Salvage-lessee owned the 10-acre tract at one time, having purchased it in 1952 from one Berger for $90,000. After holding it a short time Salvage-lessee sold the 10-acre tract to Sachs-lessor. In May, 1955 Sachs-lessor leased a 160x200 foot portion of the 10-acre tract to Salvage-lessee for the conduct of "any business pertaining to automobiles," at a monthly rate of $350. The minutes of the meeting of the Board of Aldermen dated May 3, 1955 show that the board refused to issue to Salvage-lessee a license to operate a used auto and auto parts business on the leased premises because it "would add to the unsightly businesses now operated on St. Charles Rock Road" and the application "is not in conformity to the zoning ordinance of the City of Pagedale." A lawsuit arose over the May, 1955 lease. The parties settled the lawsuit. As a part of the settlement the parties cancelled the May, 1955 lease and on October 1, 1955 entered into a second lease (now before us) which covered the same area plus some additional land in the 10-acre tract, and authorized Salvage-lessee to there conduct "any business," excepting only the operation on the premises of a scrap iron and structural material business (Sachs-lessor's business), at a monthly rate of $210. There was evidence that Milton Sachs, president of Sachs-lessor, at the time he signed the two leases, knew of the zoning restrictions applicable to the property; that part of the leased premises was subject to residential restrictions, and that he did not tell any of the officers of Salvage-lessee about the zoning restrictions. Following execution of the October 1 lease Salvage-lessee made application to the authorities of Pagedale for a license to operate a used car lot and for a permit to construct a 20 x 30 foot building on the property. On October 18, 1955 these applications were denied by the board on the ground that part of the property on which it was intended to build was zoned for residential use. Salvage-lessee then offered to surrender the lease but Sachs-lessor insisted

upon performance, Salvage-lessee abandoned the lease, and this lawsuit resulted.

Appellant Sachs-lessor relies upon alleged errors in the giving and refusal of instructions, and in not directing a verdict for Sachs-lessor at the close of all the evidence. It complains of the giving of Instruction 3, by which Salvage-lessee would have been deprived of the defense of fraud only upon a finding that it had *actual* knowledge of the zoning ordinance, and of the refusal of Instruction D, by which Sachs-lessor would have avoided the defense of fraudulent concealment upon a jury finding that knowledge of the existence of zoning ordinances was equally available to Salvage-lessee and that means of such knowledge were readily within its reach, but that the latter failed to avail itself thereof.

■ Admitting the execution of the lease and conceding that after the first payment it had not paid the rents subsequently accruing, Salvage-lessee sought to escape liability by tendering the defense of *fraudulent concealment* of the zoning restrictions. Salvage-lessee does not claim that Sachs-lessor affirmatively made fraudulent *misrepresentations* as to the non-existence or non-applicability of zoning restrictions, or that a variance could be obtained from the zoning authorities. Fraud is sought to be predicated upon *concealment* of knowledge. Escape from liability is sought on the ground that Sachs-lessor remained silent in the face of a duty to speak, a duty to impart knowledge of zoning restrictions; that Sachs-lessor had knowledge but Salvage-lessee did not have knowledge of the restrictions; that Sachs-lessor concealed that knowledge from Salvage-lessee and thereby induced the latter to bargain for the commercial use of premises, a portion of which was zoned for residential purposes. This defense, depending entirely upon Salvage-lessee's lack of knowledge of the zoning restrictions, was based upon a false foundation because *Salvage-lessee,* as we shall see presently,

*is presumed to have had knowledge of the restrictions.* Instead of moving to strike the defense on the ground that it was based upon a misconception of the law as applied to the facts, Sachs-lessor filed a general denial of the affirmative defense of fraudulent concealment, thereby joining issue on a false issue. Most of the points raised on this appeal relate to the procedural correctness or incorrectness of the trial of this false issue. We will not explore the pros and cons of this question and compound the error. To do so would be a vain and useless thing. The defense of fraudulent concealment was not properly in the case and the verdict and judgment for Salvage-lessee, based solely on that false issue, cannot be permitted to stand. We review the case on the point raised by Sachs-lessor that the court erred in refusing to give an instruction for a directed verdict for Sachs-lessor at the close of all the evidence.

■ Salvage-lessee seeks to be excused from its obligations under the lease on account of ignorance and fraudulent concealment of the zoning restrictions from it, but under the law ignorance of the zoning ordinances is no excuse. There is a conclusive presumption that Salvage-lessee, the party claiming ignorance and asserting the right to be informed, knew of the restrictions imposed by the zoning ordinances. All persons who contract with reference to a subject-matter within the limits of a municipality as to which there are police regulations are charged with knowledge of and are presumed to know the provisions of the regulations and to have entered into such contracts with reference thereto, Lux v. Milwaukee Mechanics' Ins. Co., 221 Mo.App. 999, 295 S.W. 847, loc. cit. 850; Hickman v. Union Electric Light & Power Co., Mo.Sup., 226 S.W. 570, loc. cit. 574; 31 C.J.S. Evidence § 132 (3), pp. 760, 761; Jones, Commentaries on Evidence, Second Ed., § 111, p. 188, and such provisions become an integral part of the contract. Lux v. Millwaukee Mechanics' Ins. Co., supra. "A party to a transaction

must be conclusively presumed to have known the relevant law." 20 Am.Jur., Evidence, § 211. More than one hundred years ago, in Inhabitants of Palmyra v. Morton, 25 Mo. 593, loc. cit. 597, the Supreme Court of Missouri said:

> "There is nothing in the objection that the defendant was not notified of the ordinance; for being a member of the corporation, he is presumed to be aware of its by-laws."

And see City of Boonville ex rel. Cosgrove v. Stephens, 238 Mo. 339, 141 S.W. 1111. While Salvage-lessee was not a "member" or "resident" of the corporation, it contracted with reference to a parcel of land lying within the corporation, and thus made itself amenable to the rule. This presumption is fully applicable to parties to a lease of property the use of which is restricted by zoning ordinances. Rockwell v. Eiler's Music House, 67 Wash. 478, 122 P. 12, 39 L.R.A.,N.S., 894; Warshawsky v. American Automotive Products Co., 12 Ill.App.2d 178, 138 N.E.2d 816; Kazwell v. Reynolds, 250 Ill.App. 174; Hope v. City of Alton, 214 Ill. 102, 73 N.E. 406; 51 C.J.S. Landlord and Tenant § 335. Salvage-lessee's ignorance of the zoning ordinance did not excuse it from liability, invalidate the lease, entitle Salvage-lessee to abandon it, or affect the rights of the parties as between themselves. 51 C.J.S. Landlord and Tenant § 335; 32 Am.Jur., Landlord and Tenant, § 229.

■ Salvage-lessee must be held to have entered into the lease not only with knowledge of the zoning ordinances but also with knowledge of the fact that municipalities, in the exercise of their police power, may refuse to grant an application for a permit to use leased property for the intended purpose. Thomas Cusack Co. v. Pratt, 78 Colo. 28, 239 P. 22, 44 A.L.R. 55. In such cases the lessee is held to have executed the lease with an awareness of existing law and to have assumed the risk of refusal. Warshawsky, supra; Raner v. Goldberg, 244 N.Y. 438, 155 N.E. 733; Shedlinsky v. Budweiser Brewing Co., 163 N.Y. 437, 57 N.E. 620; Gaston v. Gordon, 208 Mass. 265, 94 N.E. 307; Burgett v. Loeb, 43 Ind.App. 657, 88 N.E. 346; Burke v. San Francisco Breweries, 21 Cal.App. 198, 131 P. 83; Vol. 6, Williston on Contracts, Revised Edition, § 1955, p. 5484.

■ Had Salvage-lessee desired to protect itself against the possibility that the intended use of any portion of the premises might be prohibited by prevailing zoning ordinances, or that a variance would not be forthcoming from the zoning authorities, or that a license might be refused by the city authorities, it could have refused to execute the lease or insisted that the lease contain conditional clauses or termination privileges based upon these contingencies. It did neither, and having entered into a solemn contract the execution and breach of which are admitted, Salvage-lessee should be held to the obligation of its contract unless it is to be excused upon the basis of two other defenses, namely, consent by the landlord to the lessee's abandonment of the premises and re-entry by the landlord, and impossibility of performance by reason of illegality. Although pleaded, these defenses were not proved. There was evidence that Sachs-lessor, *in an effort to minimize the damages,* made efforts to lease the premises to others, but a submissible case was not made showing an intention on the part of the landlord to terminate the relationship of landlord and tenant or from which an acceptance by the landlord of the tenant's abandonment could be implied. The court properly refused to give Salvage-lessee's instruction directing a verdict for it on the ground of acceptance of abandonment. Salvage-lessee also offered and the court refused an instruction submitting the defense of impossibility of performance, under the allegation of the petition that the lease was illegal and void because in violation of the zoning ordinances. The court properly refused this instruction. The lease did not restrict the use of the premises to an illegal use. It authorized the use of the premises for any

business purpose. Notwithstanding a small portion of the rear of the premises was zoned residential, both parties had a right to enter into the lease of the entire premises for business purposes, for the lessee might bring the zoned portion of the premises within the zoning ordinance by obtaining a variation. The tenant cannot avoid liability for rent on the ground of illegality under these circumstances. Warshawsky, supra. Salvage-lessee was free to use the front of the property, a strip 200 feet in depth along St. Charles Rock Road, for any business for which it could obtain a permit, excepting only the business of Sachs-lessor.

The ultimate facts necessary for the entry of judgment for Sachs-lessor on its petition (execution of the lease and non-payment of the rents reserved after the first month) having been conceded by Salvage-lessee in its pleadings; there being no basis under the admitted facts for the defense of fraudulent concealment, and the other defenses not having been proved, the court should have directed a verdict for Sachs-lessor at the close of all the evidence. There was nothing left for a jury to pass upon. There is no necessity for a new trial.

Accordingly, the judgment should be reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff for the amount due under the lease, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

The judgment is, accordingly, reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff for the amount due under the lease.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.