Joseph PEEK, Plaintiff/Appellant,

v.

Rafael DOMINGUEZ,
Defendant/Respondent.

No. ED 79608.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 2, 2002.

W. Bevis Schock, St. Louis, MO, for appellant.

Mark Schulte, Ituarte & Schulte, LLC, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

Appellant, Joseph Peek (Landlord) appeals from the trial court's judgment in favor of Respondent, Rafael Dominguez (Tenant) on Landlord's action for petition for rent. We reverse and remand.

This case is submitted on an "Agreed Statement of Facts" pursuant to Rule 81.13. The facts that follow are taken from that statement.

Landlord is the owner of commercial property at 3715 California in the City of St. Louis. On October 20, 1999, the parties entered into a lease for the premises. The lease term was one year, beginning November 1, 1999; rent was $1,000 per month.

The premises had at all relevant times been zoned residential. Landlord had trouble in the past obtaining occupancy permits at this location both for his own commercial enterprises and for his prior tenants. However on the two most recent occasions in which there had been a change in possession of the premises, the new occupant had successfully appealed an initial denial of an occupancy permit.

Tenant's intended use of the premises was for "warehouse cold storage only." Tenant intended to use the premises for food storage for his restaurant and grocery store. Tenant moved in and began operations. Tenant possessed and used

the premises for the first seven months of the lease and paid his rent.

The lease does not state who is to obtain an occupancy permit. It does, however, state that the "[l]essee agrees ... not to use or permit the use of the [premises] for any purpose forbidden by law or ordinance now in force or hereafter enacted in respect to the use or occupancy of said premises."[1]

Tenant did not apply for or obtain an occupancy permit. Seven months into the lease, Tenant gave Landlord notice that his occupancy was in violation of the zoning ordinance and moved out. Tenant ceased paying rent.

Landlord made proper demand for the balance of the rent.

On February 3, 2000, Landlord filed a "Petition for Rent and Other Damages" alleging there was now due and owing back rent of $5,000, late charges of $500 and a repainting fee of $500, with Tenant to be credited with $1000 security deposit. Tenant filed an answer and plead the affirmative defense of illegality stating "[t]he zoning of the subject property is for two-family dwellings, not the warehouse use that the lease described."

The net damages of $5,000 are undisputed (the lease does not contain an interest provision). Also Landlord is entitled to reasonable attorney fee if he prevails.

On April 26, 2001, the trial court heard the case and issued judgment in favor of Tenant. Landlord appeals.

Landlord raises one point on appeal. Landlord alleges the trial court erred in finding for Tenant in that the lease was not illegal and/or Tenant ratified the lease.

On review of a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976).

"... [I]llegality ... may render the agreement void and unenforceable from its inception." *Rice v. James,* 844 S.W.2d 64, 66 (Mo.App. E.D.1992).

The issue in the case succinctly stated is whether Tenant is relieved of liability for obligations under the lease based on a defense of illegality when the leased premises as it sits cannot be used for the purpose for which it was leased due to zoning restrictions.

Courts in other jurisdictions have delineated four general approaches. *See Central States Health & Life Company of Omaha v. Miracle Hills Limited Partnership,* 235 Neb. 592, 456 N.W.2d 474 (1990).(1) The lease is unenforceable where the contemplated use of the leased premises is prohibited by a zoning regulation; (2) The lease is valid where a serviceable use of the premises remains which is consistent with the limitations of the lease; (3) The lease is not necessarily void and unenforceable where the zoning authorities have the power to grant a variance or the continuance of a conforming use; (4) The lease is enforceable because the lessee is presumed to have known about the zoning restrictions and in executing the lease assumed the risk that a variance could not be granted. *Id.* at 597, 456 N.W.2d 474.

In Missouri, this precise issue has not been addressed. In *Sachs Steel & Supply*

---

1. We note Tenant did not reserve a power to terminate the lease if his intended use could not be met.

*Co. v. St. Louis Auto Parts & Salvage Co.*, 322 S.W.2d 183, 186 (Mo.App. E.D.1959), this Court found for [landlord] stating that [tenant] could not escape its liability under the lease by tendering the defense of fraudulent concealment of the zoning restrictions.[2] However, the court noted that tenant could have possibly been excused from its obligations under the lease on the basis of the defense of impossibility of performance by reason of illegality. *Id.* at 187. Said defense was plead but not proven. *Id.* In finding that the lower court properly refused the preceding defense instruction, this court noted, "[n]otwithstanding a small portion of the rear of the premises was zoned residential, both parties had a right to enter into the lease of the entire premises for business purposes, for the [tenant] might bring the zoned portion of the premises within the zoning ordinance by obtaining a variation." *Id.* at 188. Therefore, [tenant] could not "avoid liability for rent on the ground of illegality under these circumstances." *Id.*

In the case at bar, Tenant is similarly situated. The stipulated facts indicate prior tenants had obtained occupancy permits for their commercial enterprises and that Tenant did not apply for or obtain an occupancy permit. Under the facts of this case, Tenant might have brought the premises within the zoning ordinance by obtaining a variance and therefore cannot avoid his liability on the ground of illegality under these circumstances.

Judgment reversed and remanded for entry of judgment in favor of Landlord for the undisputed damages and a determination of Landlord's entitlement to a reasonable attorney fee as called for in the lease.

GEORGE W. DRAPER III, P.J. and SHERRI B. SULLIVAN, J., Concur.

---

2. The Court further found that [tenant] "must be held to have entered into the lease not only with knowledge of the zoning ordinances but also with knowledge of the fact that municipalities, in the exercise of their police power, may refuse to grant an application for a permit to use leased property for the intended purpose." *Sachs*, 322 S.W.2d at 187. Further [tenant] "is held to have executed the lease with an awareness of existing law and to have assumed the risk of refusal." *Id.*